## W. B. WADSWORTH ET AL. V. LILLIAN M. VINYARD.

### No. 2223. Decided May 29, 1912.

**1.—Conveyance—Undivided Half—Excess.**

Four patents of contiguous land to the same grantee expressed conveyance of title to 1,600 acres, one survey of 640 and three of 320 acres each. The field notes embraced an excess, and contained, in the limits of the four surveys, 2,122½ acres. A deed by the grantee of "one undivided half of 1,600 acres of land lying and being," etc., describing the four patented surveys, treated as one body, conveyed one-half of the surplus, and gave title to an undivided 1,061¼ acres, not merely to 800.

Error to the Court of Civil Appeals, Fourth District, in an appeal from Matagorda County.

Vinyard sued Wadsworth and others for the recovery of land and had judgment. Defendants appealed and on affirmance obtained writ of error.

*Lewis R. Bryan,* for plaintiff in error.—A deed which conveys an undivided one-half of a tract or survey of land will convey to the grantee one-half of any excess in quantity there might be in such tract or survey, and the grantee in such a deed gets one-half of the tract or survey, whether the number of acres be more or less than what was supposed by the grantor and grantee to be in the tract or survey. Jordan v. Young, 56 S. W., 762; Hunter v. Morse, 49 Texas, 219; Welder v. Carroll, 29 Texas, 317; Sellers v. Reed, 46 Texas, 377; Ware v. McQuinn, 7 Texas Civ. App., 107.

*John E. Lynn* and *J. W. Conger,* for defendants in error, cited, on construction of deed.—Lipscomb v. Underwood, 7 Texas Civ. App., 297; Troy v. Ellis, 60 Texas, 630; McKinzie v. Stafford, 8 Texas Civ. App., 121; Peirson v. Sanger, 51 S. W., 869; Morris v. Hunt, 51 Texas, 614; Cook v. Oliver, 83 Texas, 561; Harkness v. Divine, 73 Texas, 629; Bullock v. Smith, 72 Texas, 548; McDonough v. Jefferson Co., 79 Texas, 539; Kingston v. Pickens, 46 Texas, 101; Coker v. Roberts, 71 Texas, 602; Pierson v. Sanger, 93 Texas, 160; Kent v.

Cecil, 25 S. W., 715; Martindale Conv., sec. 204; Tiedman Real Prop., sec. 812; Newton v. Emerson, 66 Texas, 145; Harriman Land Co. v. Hilton, 120 S. W., 165; Lanfer v. Powell, 30 Texas Civ. App., 604; Roundtree v. Thompson, 30 Texas Civ. App., 595; Ellis v. LeBorr, 30 Texas Civ. App., 449.

Mr. Chief Justice Brown delivered the opinion of the court.

We copy from the statement of the Honorable Court of Civil Appeals as follows:

"This is an action of trespass to try title brought on November 14, 1908, by Lillian M. Vinyard, the appellee, against W. B. Wadsworth and Henry Rugely and James W. Brodie, as guardians of the person and estate of James B. Hawkins, Edgar Hawkins, Ella Hawkins and Henry Boyd Hawkins, minors, and heirs of the estate of Eli Hawkins, deceased, to recover an undivided interest in certain lands described in her petition. In her first amended original petition, which was filed January 14, 1910, the plaintiff alleged that she was, on December 1, 1905, the owner in fee simple of an undivided 902½ acres in and a part of four certain tracts of land composed of surveys Nos. 1, 2, 3, and 4, patented to James W. Byrne, assignee of David White, by the Republic of Texas and situated in Matagorda County, Texas, adjoining the Daniel McCarty 1/3 league on the east, and the S. R. Fisher league on the west, containing 2122½ acres more or less; that defendants are joint owners and co-tenants with plaintiff in said four tracts, holding the same in undivided interests; and own, among themselves, an undivided 1220 acres in the same, but in what proportion, she is unable to state. Each of the four several surveys is then described by its field notes as set out in the patent thereto."

The Republic of Texas granted to James W. Byrne four contiguous tracts of land in Matagorda County expressed as one containing 640 acres and three each containing 320 acres, in all 1600 acres, but in fact the four surveys contained 2008 acres.

Anna W. Vinyard, who was the sole heir and devisee of the patentee, conveyed to defendant in error, by deed dated January 15, 1880, all of the land, which had the effect to vest in the latter all that James W. Byrne had not conveyed. June 24, 1842, Byrne conveyed an undivided half of the land to John R. Murray, and, on August 21, 1850, Byrne conveyed 420 acres of the land to Theodore Ryan. W. B. Wadsworth acquired title to the last two tracts above. The Hawkins heirs have title from Byrne to 380 acres. All of the conveyances were for undivided portions of the four surveys, which were treated as one survey. The parties were all joint tenants, and no limitation had run against Mrs. Vinyard. She is entitled to all of the land to which the other parties failed to show title. There is but one assignment in the petition for writ of error that deserves to be considered, which is to the effect that the trial court erred in holding that the deed of Byrne to Murray conveyed only 800 acres of the land.

We are of opinion that the language of the deed, "being one undivided half of sixteen hundred acres of land lying and being," etc., designates the body of land composed of four surveys which was

thus treated as one tract. If there had been but one survey with the same excess the conveyance of "one undivided half of the 1600 acres of land lying and being," etc., would unquestionably convey the half of the entire survey including the excess. The language "half of the 1600 acres" points out the body of the land of which part is conveyed and does not limit the quantity conveyed to less than half of the whole.

Wadsworth is entitled to one-half of the four tracts and to 420 acres, and the Hawkins heirs are entitled to 380 acres, the remainder to be set apart to Mrs. Vinyard.

It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this cause be remanded to the District Court with instructions to cause the land to be partitioned in accordance with this opinion, and that the costs of the District Court, including cost of partition, be paid by the parties in the proportion that the land received by each bears to the whole.

It is ordered that the plaintiffs in error recover of Mrs. Vinyard the costs of this court and of the Court of Civil Appeals.

*Reversed and remanded with instructions.*