### LYLE et al. v. McDOWELL et al.

### No. 10547.

Court of Civil Appeals of Texas. Galveston.
March 31, 1938.

Rehearing Denied May 5, 1938.

Lockhart, Hughes & Lockhart, H. C. Hughes, and Jno. W. Lockhart, all of Galveston, for administrator.

Charles W. Gill, of Galveston, for appellants cited by publication.

Stewart & DeLange, Albert J. DeLange, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellant Lyle and others.

Thornton & Markwell, H. M. Oster, and Edward W. Watson, all of Galveston, for appellees.

GRAVES, Justice.

This appeal, in a trespass to try title cause, is from a judgment of the 56th district court of Galveston county, entered, at the close of the evidence for both sides, in favor of the appellees, who were plaintiffs below, and against the appellants, who were defendants below (except that in this court the City National Bank of Galveston has been substituted for the Security Trust Company of Galveston) upon the return of a jury's verdict the court had instructed.

The material portions of the decree, containing as it does a classification of the various parties and a description of the lands as finally sued for and also disposed of, is this:

"It is therefore, on this 20th day of July, 1936, ordered, adjudged, and decreed by the Court that the plaintiffs, Grace McDowell, Harold M. Oster, and Edward W. Watson, do have and recover of and from the defendant Security Trust Company, in its capacity as executor of the will and estate of W. F. Beers, deceased, Mrs. Rebecca Lyle, in her capacity as guardian of the estate of W. F. Beers, Jr., non compos mentis, Mrs. Rebecca Lyle, individually, and husband, J. W. Lyle, N. T. Shields and wife, Mrs. N. T. Shields, and Harris W. Beers, if living, and the unknown heirs of Harris W. Beers, deceased,

the fee simple title to and possession of the following described land and premises situated in Galveston County, Texas, to-wit:

| Abst. No. | Cert. No. | Survey | Original Grantee | Acres |
|-----------|-----------|--------|------------------|-------|
| 597 | 4122 | 9 | I. & G.N.R.R. | 297.00 |
| 608 | 4117 | 4 | " | 70.81 |
| 615 | 4119 | 6 | " | 417.63 |
| 616 | 4135 | 22 | " | 22.83 |
| 614 | 4116 | 3 | " | 102.67 |
| 599 | 4124 | 11 | " | 45.00 |
| 621 | 3565 | 29 | " | 62.00 |
| 622 | 4118 | 5 | " | 486.24 |

the above described property being all of the land owned by W. F. Beers in Galveston County, Texas, on January 31st, 1928, except his homestead in the City of Galveston, and being the same land conveyed to Edith McDowell Beers by deed executed by the said W. F. Beers on the 31st day of January, 1928, and acknowledged before H. C. Hughes, Notary Public in and for Galveston County, Texas, on the 31st day of January, 1928."

There follow subsidiary provisions adjudicating adversely to them the two cross-actions involved—that is, that of Rebecca Lyle, as guardian of the estate of Beers, Jr., non compos mentis, to cancel the deed of Beers, Sr., to Edith McDowell Beers, so referred to in the quoted portion of the decree, and that of the Security Company (predecessor in interest of the appellant bank), as executor of the will and estate of Beers, Sr., to recover the land so described from the appellees.

The appellees, jointly claiming title to the several tracts as above described in undivided interests as between themselves, directly and solely through, down, and under the January 31 of 1928 deed from W. F. Beers to Edith McDowell Beers (this likewise described in the quoted portion of the decree), made no effort to deraign title from the sovereignty of the soil, but grounded their suit solely upon the claim that W. F. Beers, Sr., was the common source of title between the appellants and themselves to all of these properties, and that by virtue of that deed they had acquired the better right thereto, hence owned all of such land as against all of the appellants.

The appellants, upon the other hand, combatted such claim in toto upon a number of fronts; the major ones of which were these:

That appellees had failed to prove such alleged common source, or any other title, to the land involved, that neither their pleadings, nor the judgment awarded them, nor the deed under which they so claimed, either properly or legally described any property; that the trial court erred both in instructing the verdict and rendering judgment thereon when the evidence raised an issue as to the mental competency of Beers, Sr., to execute the deed appellees so rely upon, there being, further, no showing that no administration was pending and none necessary at that time on the estate of Edith McDowell Beers, the alleged grantee in such deed, and there being no proper proof that such deed had ever been either validly executed by Beers, Sr., or, if so, had ever been delivered to her as such; further, that the trial court had committed reversible errors in a large number of specified particulars, including rulings upon the receipt and exclusion of testimony, as well as upon such procedural matters, as the overruling of appellants' motion for continuance, and the permission to the appellees to file a trial amendment to their pleadings materially changing—over objection on that ground—the description of the property sued for after the trial had been some days in progress.

■ At the outset the appellees, by motions, insist:

(1) That the attempted appeal of appellants, "Harris W. Beers, if living, and if dead, his heirs and legal representatives, and the unknown heirs, if any, of W. F. Beers, deceased, acting by and through their attorney, Charles W. Gill," be dismissed by this court for want of any jurisdiction over any such alleged parties as so named, on the ground that no appeal bond had been filed herein by or in behalf of any of them; that motion appearing to be well taken, is granted, and a dismissal as to them is entered accordingly; R.S. arts. 2265, 2266; R.S. art. 1408 of 1895, Vernon's Ann.Civ.St. art. 2276; Stinnett v. Dudley, Tex.Civ.App., 277 S.W. 801; Unknown Heirs of Tutt v. Morgan, 18 Tex.Civ.App. 627, 42 S.W. 578, 46 S.W. 122.

(2) That a large number of appellants' assignments and propositions are not in conformity to the statutes and rules applying in such circumstance, hence should not be considered by this court.

While it seems quite clear that several of these objections are well taken, no

specific ruling⁺ will be made upon them, for the reason that, it is thought, the appellants in other assignments do raise the structural questions upon which it is determined this appeal should be disposed of.

The deed upon which the appellees so based their cause of action—omitting from the description a recitation as to land in a different county—is in precise language this:

"State of Texas, County of Galveston.

"Know All Men By These Presents:

"That I, W. F. Beers, of the County of Galveston and State aforesaid, for and in consideration of Ten ($10.00) Dollars, to me in hand paid by Edith McDowell Beers and in further consideration of the love and affection which I have for my wife, Edith McDowell Beers, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said Edith McDowell Beers, of Galveston County, Texas, all of those certain lots, tracts and parcels of land lying and being situated in Galveston County, Texas, and described as follows:

| "Abs. | Cert. | Survey | Original Grantee | Acres |
|------|------|------|------|------|
| 597 | 4122 | 9 | I.& G.N.R.R. | 297.00 |
| 608 | 4117 | 4 | " | 70.81 |
| 615 | 4119 | 6 | " | 417.63 |
| 616 | 4135 | 22 | " | 22.83 |
| 614 | 4116 | 3 | " | 102.67 |
| 599 | 4124 | 11 | " | 45.00 |
| 621 | 3565 | 29 | " | 62.40 |
| 622 | 4118 | 5 | " | 486.24 |

said above described property being all of the land owned by me in Galveston County, Texas, except my homestead in the City of Galveston. * * *

"To Have and To Hold the above described premises together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Edith McDowell Beers, her heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Edith McDowell Beers, her heirs and assigns against every person whomsoever, lawfully claiming or to claim the same, or any part thereof.

"Witness my hand this 31st day of January, 1928.

"W. F. Beers.

"State of Texas, County of Galveston.

"Before me, the undersigned authority, on this day personally appeared W. F. Beers, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office this 31st day of January, 1928.

"H. C. Hughes,
"Notary Public in and for Galveston County, Texas."

There was appended a certificate showing the filing of the instrument for record in Galveston county on the 15th day of August of 1935, and its recordation in book 507, pages 158, 159, of the deed records of that county.

At bottom, the gravamen of this controversy is simply whether or not this quoted instrument from W. F. Beers to Edith McDowell Beers is valid as a conveyance of the 8 tracts of land therein recited to have been transferred from him to her, and should be given effect as such; the learned trial court adjudged it to be, and that title passed accordingly; it is true that was done upon a peremptory instruction, withdrawing tendered issues of fact with reference to certain contentions made, but after examination of the record, this court concludes that the evidence properly heard conclusively, if not undisputedly, established such validity of the deed in question, wherefore no other judgment could have been properly rendered.

Indeed, under the pleadings of all the parties, that was the controlling if not the sole material issue raised; that is, to state it another way, did the title to the 8 tracts of land so dealt with therein pass to the appellees (who held under it) by means of that deed, or was the instrument invalid as a deed for any of the reasons leveled against it by the appellants, and, in consequence, was the title to these tracts left in W. F. Beers for the use of the appellants, who were indisputably shown to be claiming them as his heirs, executors, or legatees, respectively, he having been the likewise proven common source of title thereto as between these two sets of disputants?

■ The several complaints against the instrument as neither within its four corners containing a valid description of the lands it referred to, nor furnishing the means or "nucleus" of a description whereby they could be located aliunde, are overruled without extended discussion as being clearly untenable; in form it essays

to convey the land itself under covenant of general warranty—not a mere chance to a title thereto, as by quitclaim—hence constitutes a conveyance under well-settled principles. Cook v. Smith, 107 Tex. 119, 174 S.W. 1094, annotated in 3 A.L.R. 945.

■ The means or "nucleus" of the description pointing to extrinsic evidence by which the designated tracts might be located, following a listing of the acreage and surveys of each, is this clause: "Said above described property being all of the land owned by me in Galveston County, Texas."

These words, in a personal and voluntary conveyance like this one, under specific pronouncement of our courts on the legal equivalent of the facts here obtaining, differentiated this instrument from those passed upon in such cases as Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, and Pitts v. Mills, Tex.Civ.App., 19 S.W. 2d 99 (affirmed 121 Tex. 196, 48 S.W.2d 941), and freed the description of the deficiencies pointed out by the Supreme Court in those two cases, et id genus omne; Smith v. Westall, 76 Tex. 509, 13 S.W. 540; Curdy v. Stafford, 88 Tex. 120, 30 S.W. 551; Morrison v. Dailey, Tex. Sup., 6 S.W. 426; Hunter v. Morse's Heirs, 49 Tex. 219; 14 Tex.Jur. at page 1015.

This description falls under the classification exemplified by these last-cited cases as supporting it, in that it obviously purports to convey the whole of the 8 tracts so described, making no exception of any one, or any part of any one of them; the clause "except my homestead in the City of Galveston" having no reference to any one of them, but merely expressly isolating the ninth tract it did not purport to deal with at all.

Like considerations overrule the same objections made to the subsidiary deeds from Edith McDowell Beers to John L. Darrouzet, Harold M. Oster, and Edward W. Watson, and in turn from John L. Darrouzet of his interest to Oster and Watson.

■ As concerns the matter of whether or not there was a delivery of this deed from W. F. Beers to Edith McDowell Beers, the conclusive, if not uncontradicted, evidence shows that it was so, by such grantor, placed in her hands as grantee with the intent that it should

become operative as a conveyance; there was, therefore, no proper issue raised for the jury upon that feature; indeed, although there was much direct testimony, the appellants allowed it to stand undisputed and uncontradicted, contenting themselves with merely cross-examining the appellees' witnesses, but getting nowhere thereby toward breaking down the showing made through them that such a delivery had been effected; in these circumstances, that phase of this case is thought to be ruled by these authorities: Johnson v. Masterson, Tex.Civ.App., 193 S.W. 201, writ of error refused; McClendon v. Brockett, 32 Tex.Civ.App. 150, 73 S.W. 854, writ of error denied; Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Earl v. Mundy, Tex.Civ.App., 227 S.W. 970, writ of error dismissed; Holt v. Gordon, 107 Tex. 137, 174 S.W. 1097; Lott v. Kaiser, 61 Tex. 665; Texas Pacific Coal & Oil Co. v. Bruce, Tex.Civ.App., 233 S.W. 535.

■ There was no prejudicial error in the trial court's having permitted appellees to file the trial amendment of their pleadings as changed, because it appears that no real change was made either in the description of the property sued for, or in their cause of action otherwise, and, further, because such permission neither operated as an actual surprise to nor caused the appellants to suffer any damage.

The description of the property in the trial amendment is identical with that in the quoted deed from W. F. Beers to Edith McDowell Beers, with the exception that the recitation of the words "being all the land owned by me in Galveston County, Texas," is changed to "being all the land owned by W. F. Beers in Galveston County, Texas, on January 31, 1928."

Furthermore, this identical description in the trial amendment was declared upon by the appellants themselves verbatim ac litteratim in the two cross-actions, referred to supra; wherefore, they could not reasonably have been surprised thereby.

This assignment, therefore, should be overruled on the principles declared by this court in Davis v. Collins, Tex.Civ.App., 169 S.W. 1128.

As against the stated showing connecting the claim of title by each of the appellants herein with W. F. Beers as the common source, no evidence was offered

by any of them tending to show the existence of an independent or outstanding title of any sort, whether in themselves or not; wherefore, the rule in common source cases exemplified by these authorities applies in this instance. Rice v. St. Louis, 87 Tex. 90, 26 S.W. 1047, 47 Am.St.Rep. 72; Cocke v. Ry. Co., 46 Tex.Civ.App. 363, 103 S.W. 407, writ of error refused; Caruthers v. Hadley, Tex.Civ.App., 134 S.W. 757 writ of error dismissed.

 Moreover, the several descriptions in the appellees' three deeds—that is, the quoted one of Beers to his wife, the one from her to Darrouzet, et al., and the one from him to his associates—having thus been legally sufficient to convey the property each dealt with, those deeds were not only admissible as against that objection, but against appellants' further complaints also, inclusive of the contention that the execution and delivery of the first of them—the quoted one—were not established in compliance with the requirements of our R.S. arts. 3726, 3726a, and 3726b, Vernon's Ann.Civ.St. arts. 3726, 3726a, 3726b; the question as to the delivery of this deed having been disposed of, supra, it is deemed sufficient to further note in this connection that the record shows the giving of notice to appellants' counsel of the filing of this original deed by the appellees among the papers of this cause well-nigh 30 days before its trial, apparently in full compliance with these cited statutes; especially would it so seem, since there appears to have been no affidavit or other contest to the proof of execution of this deed made by any of the appellants, one of whose attorneys had been the notary public before whom the deed itself had been acknowledged by Beers, Sr., the grantor therein.

 The remaining ground of protest against such deed—that the evidence raised an issue for the jury over the mental competency of the grantor therein, W. F. Beers, to legally execute the same at the time—is without merit; this instrument was executed January 31 of 1928, whereas the death of Beers did not occur until August 20 of 1935; while the sole witness used in this connection, Dr. Randall, gave some testimony to the effect that some time theretofore Mr. Beers had shown evidences of uncertainty about women, he further reduced the matter to one of no probative force, as affecting the grantor's mental capacity to execute this instrument in 1928, by summing his conclusion up this way: "Well, up to two years before he died, when I gave up his practice to my son, I did not feel that Mr. Beers was suffering from senile dementia. He was physically active and able to take care of his business."

It would extend this opinion too far to discuss seriatim the many further objections made by appellants either to the receipt or the exclusion of testimony; such of them as have been properly presented here—as against the opposing objections referred to at the outset—have been carefully considered and overruled, upon the conclusion that, in the circumstances, they point out no such error, if any at all, as was reasonably calculated to or probably did cause the rendition of an improper judgment against any of the appellants.

Pursuant to these conclusions, the appeal as to the parties named, supra, will be dismissed, and the judgment of the trial court as to all others will be affirmed.

Appeal dismissed as to named parties; judgment otherwise affirmed.

PLEASANTS, C. J., absent.