Testifying in his own behalf, appellant denied that he had sexual relations with his daughter.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**LAWRENCE et al. v. BARROW.**
**No. 10371.**

Court of Civil Appeals of Texas. Galveston.
May 5, 1938.

Rehearing Denied May 26, 1938.

E. B. Pickett, Jr., of Liberty, for appellants.

Chas. O. Guynes, of Houston, for appellee

CODY, Justice.

This is a trespass to try title suit involving a 36-acre tract in the Solomon Barrow League, Chambers County. Appellants were plaintiffs, and appellee defendant, in the trial court. In addition to a general denial, appellee plead not guilty and the 5 and 10 years' statutes of limitation, Vernon's Ann.Civ.St. arts. 5509, 5510. The case was tried without a jury, and judgment rendered for defendant. Upon request therefor, the court filed conclusions of fact and law.

Appellants and appellee are adjoining landowners. The tract in controversy formerly belonged to Amos Barrow, Jr. Appellants contend that it was included within the description of the land deeded by Amos Barrow, Jr., and wife to Charles H. Lawrence, the husband and father of appellants other than formal appellants (i. e., other than the husbands of his daughters). Appellants further claim title under the 5-year statute of limitations. Appellee contends that the tract was included within the land described in a deed from Amos Barrow, Jr., and wife to appellee's father, under whom appellee claims. Appellee also claims that his father matured a limitation title under the 10-year statute, and that he himself has matured a limitation title under the 5-year statute. It therefore becomes necessary to set forth the description contained in the two deeds.

The deed from Amos Barrow, Jr., and wife to Solomon Barrow, Jr. (who was the son of the original grantee of the Solomon Barrow League), is dated November 28, 1892. The description contained in the deed at the time it was first recorded on December 2, 1892, was this: "All that certain tract or parcel of land lying and being situated in the County of Chambers State of Texas and described as follows to 150 acres of land on the Solomon Barrow headright and the Southwest portion of my land that I am now living on joining Solomon Barrow Jr. line." Between this description, which was on the first page of the deed, and the bottom of the page the draftsman left a blank or vacant space. Between the time the deed was first recorded and the trial of the case, which was in 1936, the following addition was added to the foregoing description, the spelling there used is here reproduced: The word "north" was inserted so as to make that part of the description which had theretofore read "Solomon Barrow Jr. line", thereafter read "Solomon Barrow Jr. north line", and other additional words were also added so that the description, after such alteration, was caused to read (omitting re-copying the unchanged part thereof)—" * * * joining Solomon Barrow Jr. north line 1747 varer from the Bank of Galveston Bey thence N 89 W 2958 vares to the W boundry of the Solomon Barow legue thence N.1 deg. E 286 vares to the coner thence S 89 E 2858 vares to coner a stake thence S 1 deg. W 286 vares to the place of Begining the Same Being a part of the Solomon Barow Legue." The deed as first recorded, as heretofore indicated, did not contain such additional description. We here note in passing that appellants objected when such deed was offered in evidence, on the ground that it appeared on the deed's face that it had been materially altered. Appellee then proved by the testimony of Mrs. Massey that she knew the handwriting of Joseph W. Kilgore, the notary public before whom the deed was acknowledged, and that all of the deed except the inserted description was wholly in his handwriting; and that she knew that the inserted description was in the handwriting of her grandfather, James W. Tompkins, who, in his lifetime had been a blacksmith and a surveyor. And appellee testified that he found the deed among the papers of his father (the grantee in such deed), after his death, about 1912.

The added description, it might be added, located the 150 acres thereby described in the form of a rectangle in the southwest corner of the tract on which the Amos Barrows, Jr., were living at the time the deed was delivered in 1892, and also upon the boundary line between them and the tract of land on which Solomon Barrow, Jr., was then living, which was his north boundary line.

Appellants claim, as above intimated, under two deeds from Amos Barrow, Jr., and wife, to C. H. Lawrence, the first being dated July 23, 1915, and a correction deed, which is dated February 26, 1916. The same land was conveyed by both deeds (the matter in respect to which the correction was made not being material here), and the description contained in the deeds being as follows:

"All of my right, title and interest in the Solomon Barrow tract of land, being the interest that I own by virtue of being an heir at law of Amos Barrow (my deceased father) the land herein conveyed being 402 acres of land more or less, out of the Solomon Barrow survey No. 3 in Chambers County, Texas, it is understood and agreed that the cemetary on said tract of land is retained by the grantors herein being a lot of land 30 feet by 30 feet, and the title to the same shall remain in the grantors herein."

(While the foregoing description refers to the land as being "out of the Solomon Barrow survey No. 3", this is a manifest error, and should have been written "out of Subdivision 4 of the Solomon Barrow League." After the death of Solomon Barrow, the original grantee of the Solomon Barrow League, his estate was divided among his surviving wife and children; and in this division the Solomon Barrow League was subdivided into 8 strips, numbered 3–10, inclusive; and subdivision No. 3 thereof was allotted to Solomon Barrow, Jr., son of the original grantee of the League. Subdivision No. 4 was allotted to the widow of Solomon Barrow, Sr., Elizabeth Barrow. She, in 1871, conveyed the south 946 acres of such Subdivision 4 to Amos Barrow, Jr., her son. Upon his death, prior to 1890, the south 946 acres in Subdivision 4, was divided between his two children, Mrs. Fuller and Amos Barrow, Jr.; in this division the 500 acres, more or less, west of the gulley crossing Subdivision 4 was allotted to Amos Barrow, Jr.; and the 300 acres, more or less, east of such gulley was allotted to Mrs. Fuller. It is perfectly clear, therefore, that in the deeds to Lawrence from Amos Barrow, Jr., and wife, the land so conveyed should have been described as being in Subdivision No. 4 of the Solomon Barrow League, instead of Subdivision No. 3; and no question but that this is true was made at the trial.)

We are now in position to consider appellants' main contention here, to the effect that the deed from the Amos Barrows, Jr., to Solomon Barrow, Jr., purporting to convey 150 acres out of Amos Barrow, Jr's., 500-acre tract, had the result of making Amos Barrow, Jr., and Solomon Barrow, Jr., tenants in common in said 500-acre tract, so that any enclosures made by Solomon Barrow, Jr., would not constitute such adverse holding so as to start the statute of limitations running—this because such conveyance did not locate such acreage, and therefore in effect, as appellants contend, conveyed to Solomon Barrow, Jr., an undivided interest in the Amos Barrow, Jr., 500-acre tract. This contention appellants undertake to base on the rule that, when a deed conveys a certain number of acres, without describing the land conveyed, to be taken out of a larger tract described, the grantee becomes, by his deed, a tenant in common, having a fractional interest, represented by a fraction whose denominator is a number equal to the number of acres in the larger tract described, and whose numerator is a number equal to the number of acres conveyed, so that the grantee acquires such fractional interest in every acre of the larger tract. Citing Dohoney v. Womack, 1 Tex.Civ.App. 354, 19 S.W. 883, 20 S.W. 950, 951; Whitfield v. LaGrone, Tex.Civ.App., 191 S.W. 1169, 1174, writ of error refused.

It is, of course, true that where the intention disclosed by a deed is to convey an undivided interest in land, the extent of such interest to be determined by the proportion that a given number of acres bear to the entire number of acres, such a conveyance is valid. And there are no doubt cases which may lend some support, or at least give color, to the view that, where a conveyance of a tract of land, consisting of a specified number of acres out of a larger tract, describes such tract so faultily that such tract cannot be located, and it at the same time be apparent that the intention was to convey in

severalty, such a conveyance will not fail as being void for want of description, but will be upheld as a conveyance of an undivided interest in the larger tract, in proportion that the number of acres attempted to be conveyed bears to the total number of acres in the larger tract. Such, however, is not the law. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, at page 705. The true rule is that it must first be ascertained whether the intention of the grantor was to convey an undivided interest, or in severalty; and the sufficiency or insufficiency of the description then becomes apparent. Wadsworth v. Vinyard, 105 Tex. 245, 147 S.W. 560. "However, as a rule of construction, a conveyance of a specified number of acres without any attempt to locate the acreage in the larger tract, is to be regarded as a conveyance of an undivided interest to the extent of the acreage mentioned, * * *." 14 Tex.Jur., pp. 997, 998. But we have no such case in the deed from the Amos Barrows, Jr., to Solomon Barrow, Jr. The manifest intention of the deed was to convey 150 acres in severalty out of the Amos Barrow, Jr., larger tract. While the language used attempts to locate the 150 acres in the southwest portion of the larger tract, joining Solomon Barrow, Jr's., line, appellants make no contention that the language is sufficient to actually describe 150 acres on the ground, or to raise any presumption of an intention that the 150 acres sought to be conveyed should be located in the Southwest corner of the larger tract in the form of a square, or be embraced within a line drawn parallel to the north line of the adjoining Solomon Barrow, Jr., subdivision at a sufficient distance therefrom to contain 150 acres. Appellants not only make no such contention, but, to the contrary, insist that because of the failure to locate such 150 acres on the ground, the conveyance resulted in making the grantors and grantees in the deed tenants in common as to the entire tract, so that the statute of limitations would not be set in motion by fencing in of land by Solomon Barrow, Jr. We overrule the assignment of error which complains of the trial court's action in finding that Solomon Barrow, Jr., acquired title to the land he fenced off, inclusive of the 36 acres, by limitation, because of the supposed status of co-tenancy existing between the grantors and grantee in the deed, and which, if it had existed, would have required more than mere adverse holding of land owned as tenants in common, without notice to the supposed co-tenant that the holding was adverse. The deed was void for want of description of any particular 150 acres, and presented no obstacle to the acquisition by Solomon Barrow, Jr., of title by adverse possession to property within Subdivision 4 of the League.

 What has been said above is based upon the assumption that the objection of appellants, as to the admission of the deed as altered by the insertion of the additional description, was good, and should have been sustained by the trial court. No sufficient proof was made by appellee to warrant the finding by the trial court that the insertion of the field notes in the deed was authorized by the grantors. In addition to the evidence hereinabove set forth, Ben Barrow, a brother of appellant, testified that shortly after the date the deed was delivered, Amos Barrow, Jr., came to his father's home (i. e., in the home of Solomon Barrow, Jr.) in company of Tompkins, the surveyor and blacksmith, and said that they were ready to make that survey, and that his father then left in company with the two; that he himself was sick and did not accompany them. While it is of course possible to infer from such evidence that the three went out and surveyed some tract of land, it falls short of having sufficient probative force to support a finding that the three went out and surveyed the 150 acres, the description of which was inserted by Tompkins in the deed; and is insufficient to support the further finding that Amos Barrow, Jr., then authorized Tompkins to insert such description in the deed so as to take effect retroactively, as of the time the deed was delivered. The inserted description was a material alteration, and appellee had the burden to account for such alteration. Park v. Glover's Heirs, 23 Tex. 469. This could not be done by merely proving that Tompkins did it. The proof had to go further and show that Tompkins was authorized to do it. The burden of proving that Tompkins had been authorized to make such alteration manifestly could not be discharged by simply proving he had made the alteration, before the grantee's death, and that the deed as altered was found in the grantee's papers after his death.

Appellants energetically assail the trial court's finding of fact No. 4. In so far

as the court finds that, in the early part of 1893, J. W. Tompkins and Solomon Barrow, Jr., and Amos Barrow, Jr., surveyed the tract of 150 acres (described in the handwriting of Tompkins in the deed), and located it with reference to stakes, we fail to find such conclusion sufficiently supported by any evidence in the record. But the court also found that the 36 acres in question was inclosed within a specified 150 acres, adjoining the north line of Subdivision 3, by Solomon Barrow, Jr., and finds further facts which, if true, are sufficient to support the conclusion to the effect that Solomon Barrow, Jr., matured a limitation title to a part of the said Amos Barrow's tract, inclusive of the land in controversy. We are unable to say that such finding is not authorized by evidence; on the contrary, as we appraise the evidence, it is adequate to support such finding. Indeed, as we construe appellants' brief, it is only because they hold the theory that Solomon Barrow, Jr., was a tenant in common with Amos Barrow, Jr., that they consider the evidence insufficient to sustain such finding.

Appellants make the further contention that, even if it be true Solomon Barrow, Jr., acquired title by limitation, the court erred in rendering judgment for appellee, because, as appellants contend, C. H. Lawrence, under whom they claim, did himself re-acquire title to the tract in controversy by the 5-year statute of limitation. No contention is made, however, that appellants were in actual possession of the 36-acre tract; but the contention is based on the fact that C. H. Lawrence went into possession of the land under and by virtue of the two deeds to him from Amos Barrow, Jr., and that he, and his surviving wife, and his heirs, have remained in possession of the land, in virtue of such deeds, ever since. As appears from the description contained in the deeds, as given above, the conveyance was limited to "all my right, title and interest that I own as an heir of Amos Barrow, deceased", and which was estimated at 402 acres. The deeds to C. H. Lawrence contain general warranties. It may have been with reference to such fact that the grantors therein were careful to limit such conveyance to such property as Amos Barrow, Jr., owned, as the heir of Amos Barrow, deceased. Since, as found by the trial court, Amos Barrow, Jr., did not at the dates of such deeds, own the 36-acre tract, he certainly could not have been held liable on his warranty, for the failure of title thereto. The language used in such deeds makes it quite clear that he was aware of the fact that he did not, at their dates, own all of the property, in Subdivision 4 of the Solomon Barrow League, which he had inherited. We have been cited to no evidence, and have found none, tending to indicate that Amos Barrow had ever parted with title to any land out of such tract, except such as had passed to Solomon Barrow, Jr. Whatever this may indicate, the description in such deeds was not sufficient to put a successor in interest of Solomon Barrow, Jr., on notice that the land which Solomon Barrow, Jr., had acquired in Subdivision 4, formerly belonging to his nephew, Amos Barrow, Jr., was intended to be conveyed thereby; nor that, by going into possession by virtue of such deeds, the grantee went into possession of land, inclusive of the 36-acre tract, which the grantor did not own, and therefore did not convey, and did not describe.

After careful consideration of appellants' assignments of error, we are of opinion that the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.

PLEASANTS, C. J., absent.