### SOPER et al. v. MEDFORD et al.
### No. 3012.

Court of Civil Appeals of Texas. Eastland.
May 1, 1953.

Blakeley & Harrison, Dallas, for appellants.

Wm. H. Hall, Stinson, Read & Boren, John T. Barfield, Bonney, Paxton & Wade and Leonard Winborn, Dallas, for appellees.

GRISSOM, Chief Justice.

Homer Medford, Myrtle Medford Shaw, Bonnie Medford Nichols, Bertha Currine, and others, sued Mary L. Soper, a widow, in trespass to try title to Lots 1, 14, 6 and 7 in Blocks D, C, and A over 3413, Dal Cliff Addition to Dallas. In a second count, plaintiffs alleged that the only interest held by Mrs. Soper was by virtue of her purchase of said lots at a constable's sale on February 7, 1949, under an order of sale issued by a District Court in cause Number 14,690–E; that the sale was void and did not affect plaintiffs' ownership because the defendant in cause, R. E. Medford, joined by his wife, had long prior to the rendition of said judgment executed and delivered to all the plaintiffs a general warranty deed conveying all of their right, title and interest in said lots and R. E. Medford and wife then had no interest in said lots and Mrs. Soper, therefore, acquired no right, title or interest by purchasing them at the constable's sale.

J. Alex Blakeley, who, apparently, jointly with Mrs. Soper in purchasing the lots at the constable's sale, intervened. He and Mrs. Soper will hereafter be referred to as defendants. They filed a plea of not guilty and a cross-action in trespass to try title to said lots.

A jury found (1) that a "deed" to Lot 1 from R. E. Medford and wife to Bonnie Medford Nichols was executed for the purpose of placing it beyond the reach of Mrs. Soper, a judgment creditor; that (2 and 3) the "deeds" from R. E. Medford and wife to Lots 6 and 7 (to all the plaintiffs) and to Lot 14 (to Myrtle Shaw) were not executed for the purpose of placing them beyond the reach of creditors; that (4) in July, 1940, when R. E. Medford executed an instrument, which plaintiffs say is a deed to Lot 1, to Bonnie Nichols, that R. E. Medford and wife were not using Lot 1 as their homestead; that (6) in October, 1933, when R. E. Medford and wife executed an instrument claimed by plaintiffs to constitute a deed conveying Lots 6 and 7 to all the plaintiffs, that R. E. Medford and wife were then occupying Lots 6 and 7 as their homestead; that (5) on February 3, 1933, when R. E. Medford executed an instrument claimed by Mrs. Shaw to constitute a deed conveying Lot 14 to her, that R. E. Medford and wife were not then using and occupying Lot 14 as their homestead.

In accord with the verdict, the court held (1) that all of the plaintiffs were entitled to a decree that on and before October 30, 1933, Lots 6 and 7 were the homestead of R. E. Medford and wife; that on said date they conveyed said lots to all the plaintiffs and thereafter had no right, title or interest therein and that said conveyance was not made to defraud creditors; (2) that in February, 1933, R. E. Medford owned Lot 14 and on said date conveyed it to Myrtle Medford Shaw and thereafter had no right, title or interest therein and, although Lot 14 was not the homestead of Medford and wife, said conveyance to Myrtle Medford Shaw was not made to defraud creditors; (3) that on and prior to July 10, 1940, Lot 1 was not the Medfords' homestead; that on said date R. E. Medford conveyed Lot 1 to Bonnie Medford Nichols; that Mrs. Soper was then a creditor of R. E. Medford and said conveyance was made for the purpose of placing it beyond the reach of Mrs. Soper, as a creditor, and, therefore, said conveyance was void as to Mrs. Soper and the title remained in R. E. Medford and Lot 1 was subject to the levy of the writ of execution on December 30, 1948, by virtue of a judgment for defendants against R. E.

Medford; (4) that the constable's deed to defendants, dated February 1, 1949, cast a cloud on the title of all the plaintiffs to Lots 6 and 7 and on the title of Myrtle Medford Shaw to Lot 14 which should be removed.

Judgment was rendered awarding all of the plaintiffs title to Lots 6 and 7; that Myrtle Medford Shaw recover, in addition to her interest in Lots 6 and 7, the title to Lot 14, but awarding the defendants Lot 1.

Bonnie Medford Nichols excepted to that portion of the judgment awarding title to Lot 1 to defendants and Lot 14 to Mrs. Shaw, but did not appeal. Mrs. Soper and Mr. Blakeley excepted to the judgment, "save and except as to Lot No. 1." Only defendants, Soper and Blakeley, have appealed. In their appeal bond and briefs they refer only to the judgment awarding Lots 6 and 7 to plaintiffs.

Bonnie Nichols, by cross-assignments in an appellees' brief, attacks those portions of the judgment awarding Lot 1 to defendants and Lot 14 to her coappellee, Mrs. Shaw. We cannot consider such cross-assignments as to Lot 1, because the judgment as to Lot 1 was severable and there was no appeal from that part of the judgment. Milliken v. Coker, 132 Tex. 23, 115 S.W.2d 620, 621; Leap v. Braziel, Tex.Com.App., (Sup.Ct.) 121 S.W.2d 334, 336; Barnsdall Oil Co. v. Hubbard, 130 Tex. 476, 109 S.W.2d 960, 963, 964; Detroit Fidelity & Surety Co. v. State, 124 Tex. 145, 76 S.W.2d 492, 493; Hunt v. Garett, Tex.Civ.App., 275 S.W. 96, 107, affirmed, Tex.Com.App., 283 S.W. 489, 491; Temple Trust Co. v. Haney, Tex. Civ.App., 103 S.W.2d 1035, 1041, affirmed 133 Tex. 414, 107 S.W.2d 368; Gilmer's Estate v. Veatch, 102 Tex. 384, 117 S.W. 430. Neither can we consider the cross-assignment as to Lot 14, as between Mrs. Nichols and Mrs. Shaw; because Lot 14 was awarded to Mrs. Shaw and Mrs. Nichols did not appeal from the judgment and cannot here cross-assign error against her coappellee. The controversy over Lot 14 is solely between Mrs. Shaw and Mrs. Nichols. In their appeal bond the defendants refer only to that part of the judg-

ment awarding title to Lots 6 and 7 to all the plaintiffs and in their (appellants') brief they question the judgment only as to Lots 6 and 7. It is evident that defendants did not intend to appeal from any other part of the judgment. In 3B Tex. Jur., pages 157, 158, the rule is stated as follows:

"The right to present cross-points or assignments is subject to some qualifications. When an appellant appeals from a part only of a severable judgment, the appellee will not be heard to complain of any matters falling wholly within the portion of the judgment not brought up for review by the appellant. In such case it is incumbent upon the appellee to prosecute his own appeal from the portion of the judgment adverse to him." See also 3 Tex.Jur. 873, 875; Anderson v. Silliman, 92 Tex. 560, 50 S.W. 576, 579; Cadwell v. Dabney, Tex.Civ.App., 208 S.W.2d 127, 132 (RNRE); Sherman v. Stein, Tex.Civ. App., 173 S.W.2d 732, 733 (RWM).

The "deed" to Lots 6 and 7 from R. E. Medford and wife to all of the Medford children was as follows:

"R. E. Medford et ux. / The State of Texas
To: Warranty Deed | County of Dallas
R. E. Medford | Know All Men By
\ These Presents

"That We, R. E. Medford and wife, Ida Medford of the county of Dallas state of Texas, for and in consideration of the sum of One Dollar, love and affection and other considerations, dollars to the children in hand paid by the children and heirs of R. E. Medford and Ida Medford father and mother respectively of Bertha Currine, Roxie Medford Rodgers and Walter Medford our second son in birth and Kattie Medford Wray and Homer Medford and Dora Medford and Mirtle Medford Shaw and Bonnie Medford Nichols and their heirs of their boddise respectfully, we deed in love and especial effiction to them respectfully and their heirs of their boddise until their earthly existences and the existinsce of the heirs. of their bodies, never to be sold or traded.

off, have granted sold and conveyed and by these presents do grant sell and convey unto the said heirs of the said R. E. Medford and Ida Medford of the county of Dallas, State of Texas, all that certain tract or parcel of land in the city of Dallas Dallas County, Texas, all of the certain lots, all the buildings improvements on lot 6 and 7 in said block, No. 6 and 7 being our home and possession in block 34 and all we have and executed any lien of judgments or executions Block No. 7 in said Block 7 in Block 6 and 7 in said 2 lots in block in the blocks of DalCliff Addition to the city of Dallas, Texas.

"This is a deal of effection and love knowing under God that I cannot live long, I make the above deeds of effection as a last testament and will.

"R. E. Medford, Father
Ida Medford, Mother

"The above home is hereby deeded to our children as herein expressed and implied and for our homes and our children that live here and designate this as their home and is exempt from levy of any nature.

"To Have And To Hold the above described premises, together with all and singular the rights and appurtenances thereto in anywaise belonging unto the said heirs of R. E. Medford and Ida Medford heirs and assigns forever and we do hereby bind ourselves heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said heirs of R. E. Medford and Ida Medford *Ida Medford* this is our homestead and all we claim as such, heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Designated as a homestead only.

"Witness our hands at Dallas, this 30 day of October, A. D. 1933.

"Witnesses at Request
of Grantors        R. E. Medford
R. E. Medford      Ida Medford
Ida Medford        Mother and father."

The date on the deed is evidently a mistake as it was properly acknowledged on the 29th day of September, 1933, and filed for record on October 2, 1933. It is undisputed that when the deed was executed by Medford and wife it was promptly delivered to the grantees with the intent that it then be effective as a conveyance and that they promptly filed it for record. See Holt v. Gordon, 107 Tex. 137, 174 S. W. 1097; Rosenberg v. Levin, Tex.Civ. App., 181 S.W.2d 832, 834 (WR); 14 Tex. Jur. 824; Coleman v. Easton, Tex.Com. App., 249 S.W. 200; Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S. W.2d 878; Lyle v. McDowell, Tex.Civ. App., 116 S.W.2d 1109, 1113 (WD); Bumpass v. Bond, 131 Tex. 266, 271, 114 S.W. 2d 1172. It is also undisputed that at the time of the execution of the deed, Lots 6 and 7 constituted the homestead of R. E. Medford and wife and their children, with the exception of one daughter, who was married; that most of the children were then minors and some of them were mere babies. The Medfords owned no other property they and their children could reside on and occupy as a homestead. Although R. E. Medford then had judgments against him, the suit in which Mrs. Soper's judgment was rendered was not instituted for more than two years thereafter. But, because Lots 6 and 7 constituted the homestead of the Medfords, the property was not affected by the judgments against R. E. Medford and Medford and wife could convey Lots 6 and 7 to whomsoever they pleased. Therefore, if the instrument did constitute a conveyance of Lots 6 and 7 to the Medford children, the fact that there were judgments against R. E. Medford is immaterial. From the undisputed evidence and the face of said instrument, we conclude that the "deed" from R. E. Medford and wife constituted a conveyance of the title to Lots 6 and 7 to said children. The instrument discloses that it was the intention of the grantors to retain the right to live on said lots with the grantees and that all should have a right to occupy same as a homestead. The grantee minor children could not occupy said lots as their homestead without the mother and father at that time residing on the same lots because some of them were mere babies and had to have the care and attention of the grantors.

122

"A deed from a parent to minor children is ordinarily held to convey the grantor's estate although it remains in the possession of the grantor until the majority of the children for in such circumstances it is presumed that the possession is held for the children." 14 Tex.Jur. 826. See also Wadsworth v. Vinyard, Tex.Civ.App., 131 S.W. 1171, reversed on other grounds, 105 Tex. 245, 147 S.W. 560.

Although in one paragraph of the instrument it is stated: "I make the above deeds of effection as a last testament and will" it is evident from the entire instrument that it is a present conveyance of title and that the instrument is a deed and not a will. Since it was a conveyance of the fee-simple title to the lots, the provision that they were "never to be sold or traded off" is repugnant to the grant and should be disregarded. 14 Tex.Jur. 929. R. E. Medford and wife had a large family, most of the children were minors and some were babies. The parents and most of the children used and occupied Lots 6 and 7 as a homestead, both business and residence, from 1922 to 1933, when the deed was executed. They continued to occupy the same as a homestead until 1945, when R. E. Medford and wife acquired and moved to a different homestead. Being their homestead, regardless of creditors, they had a right to sell, give away and convey it provided only that the conveyance was made in accord with the law. Further, they had the right to attach any legal condition to such conveyance. Although inexpertly and crudely drawn, the deed, of itself, shows a conveyance of the title to the children. Deeds are construed to confer to the grantee the greatest estate possible and to vest as speedily as possible. Stanbery v. Wallace, Tex.Com.App., 45 S.W.2d 198; Bryson v. Connecticut General Life Ins. Co., Tex.Civ.App., 196 S.W.2d 532 (WR); Klein v. Humble Oil & Refining Co., Tex.Civ.App., 67 S.W.2d 911, 914, affirmed Tex.Sup., 86 S.W.2d 1077. Evidence of an undisclosed intention of the grantor not to be bound by a duly executed and delivered deed is inadmissible. Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297. The attempted restraint on the right of alienation was a nullity and is disregarded. 14 Tex.Jur. 929; Diamond v. Rotan, 58 Tex.Civ.App. 263, 124 S.W. 196, 198 (WR); Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160, 1163.

The conveyance to their "heirs" is clearly referable to the children named in the deed. Striking out those things that are meaningless or surplusage, the instrument is a deed executed on a regular printed form and containing every element of a present conveyance of the title.

The special issues requested by appellants and refused were not issues of fact. The instrument and the undisputed evidence shows that the deed was executed and delivered with the intention that it then became effective as a conveyance. See Lyle v. McDowell, Tex.Civ.App., 116 S.W.2d 1109, 1113 (W.D.). All points have been considered. We think reversible error is not shown.

The judgment is affirmed.