DETROIT FIDELITY & SURETY COMPANY V. STATE OF TEXAS ET AL.

No. 6377.   Decided November 28, 1934.
(76 S. W., 2d Series, 492.)

*Albert B. Hall,* of Dallas, for plaintiff in error, Detroit Fidelity & Surety Co.; *Tom E. Moberly,* of Dallas, for plaintiff in error, Mrs. E. L. Moberly; *Wynne & Wynne, Toddie L. Wynne,* and *Jack T. Life,* all of Athens, for plaintiff in error, R. L. Adams.

It was error for the court to hold that the surety had, by failing to plead in abatement, waived the right to urge that no cause of action had arisen at the time the suit was filed, and in affirming the judgment against it and in favor of the State. Art. 5160, R. S. 1925; United States ex rel Texas Portland Cement Co. v. McCord, 233 U. S., 157; 34 Sup. Ct., 550, 58 L. Ed., 893; Illinois Surety Co. v. United States, 240 U. S. 214, 60 L. Ed., 609, 36 Sup. Ct., 321.

After the abandonment by the contractor, the State refused to accept a contractor offered by the surety, but made a more onerous contract with another party with no limitation as to

cost which was necessarily more than it would have been prior thereto, the surety was under no obligation to complete the work. Hillyard v. Crabtree, 11 Texas, 264; City of San Antonio v. L. A. Marshall & Co., 85 S. W. (2d) 315 (writ refused); Watson v. DeWitt County, 46 S. W., 1061 (writ denied); Bullard v. Norton, 107 Texas, 571, 182 S. W., 668.

*James V. Allred*, Attorney General, *T. S. Christopher* and *W. N. Sands*, Assistants Attorney General, *Bishop & Holland*, of Athens, *Tirey & Tirey*, of Waco and *Bell & Clark*, of Dallas, for defendants in error.

Suit was not prematurely brought. The right of the State to sue is not dependent upon the statutes in question as to time when suit must be brought. Southern Surety Co. v. Guaranty State Bank of DeLeon, 275 S. W., 436; American Surety Co. v. Alamo Iron Works, 29 S. W. (2d) 493; Aetna Cas. & Sur. Co. v. Woodward, 31 S. W. (2d) 679.

The word "just" as used in affidavit to claim for material furnished contractor is a substantial compliance with the requirements of Article 5160, R. S. 1925, which requires that the prices must be "just and reasonable." 24 Cyc., 379; Knèisley Lumber Co. v. Edward B. Stoddard Company, 113 Mo. App., 306, 88 S. W., 774; Smith v. Texas Co., 53 S. W. (2d) 774.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Dallas County, Texas, by Mrs. E. L. Moberly against G. A. and Ernest Eproson and Detroit Fidelity & Surety Company. The litigation grew out of a road construction contract between the State of Texas, acting through the Highway Commission, and E. Eproson & Company, a firm composed of Ernest and G. A. Eproson and one R. B. Truett. Truett is dead and his estate insolvent. He is therefore not sued. The Fidelity Company is sued as surety on the Eproson & Company bond.

After the filing of the suit by Mrs. Moberly, notice was given as required by applicable statutes, and numerous other parties intervened against the Eprosons and their bondsman, the Fidelity Company, claiming to have furnished labor and material to the contractor. Also the State of Texas intervened, and sought recovery on account of an alleged loss sustained by reason of the default of the contractor.

The case was finally tried in the district court. The opinion of the Court of Civil Appeals makes a sufficient statement of the disposition of the case in the trial court, and the facts and issues there involved. We refer to and adopt the statement in

that opinion. 52 S. W. (2d) 298. Three of the parties, Detroit Fidelity & Surety Company, Mrs. Moberly and R. L. Adams applied for writs of error. All three were granted.

We will first dispose of Mrs. Moberly's application.

As already shown Mrs. Moberly sued the Eprosons, as principals, and the Fidelity Company as surety, on a road contract bond. Also Mrs. Moberly claimed the right to foreclose a statutory lien on certain impounded funds retained in the hands of the Highway Commission under the terms of the original construction contract with Eproson & Company. The trial court awarded Mrs. Moberly a judgment against the Eprosons, but denied her any recovery against the Fidelity Company, and further refused her any foreclosure of her asserted lien against the above mentioned retained fund. The trial court also awarded the State a judgment against the Eprosons and the Fidelity Company, and also disposed of all the other parties and issues.

When the above judgment was rendered by the district court Mrs. Moberly, the Fidelity Company and another party, excepted and gave notice of appeal. Later Mrs. Moberly filed motion for new trial. This motion was duly heard and overruled, and notice of appeal again given. After the above events Mrs. Moberly duly filed in the trial court what she terms cross assignments of error, and such cross assignments were included in the transcript filed in the Court of Civil Appeals. Mrs. Moberly also filed a brief containing such cross assignments. Mrs. Moberly did not file an appeal bond or affidavit in lieu thereof. It further appears from the record that the Fidelity Company duly filed a supersedeas bond. This bond seems to have been made payable to all the other parties to the suit; at any rate it named Mrs. Moberly as an obligee therein. Of course the Fidelity Company did not in any way attack the judgment of the lower court pertaining to Mrs. Moberly. Also no other party to the appeal attempted in any way to attack such judgment as pertaining to Mrs. Moberly. The Court of Civil Appeals held that it could not consider Mrs. Moberly's cross assignments. We quote the following from that opinion:

"Mrs. E. L. Moberly, the original plaintiff, has filed a brief in the cause containing several cross-assignments attacking the action of the trial court insofar as it affects the judgment sought by her. Appellant has not questioned the judgment in her favor and she, not having perfected an appeal, cannot have

her said cross-assignment considered. 3 Texas Jur., Sec. 609, and authorities cited."

■ Under the above record we think the above quoted ruling of the Court of Civil Appeals was correct. It is true that the rules promulgated for the government of district and county courts provide for the filing of cross-assignments of error, but such cross-assignments must be confined to the subject matter and relevant to the questions involved in the appeal. 3 Texas Jur., p. 873, No. 609 and authorities cited; Hunt v. Garrett, 275 S. W., 96 (Civ. App.). The ruling in the case just cited is expressly approved in the same case by this section of the Commission, 283 S. E., 489. In the case at bar the Fidelity Company in all things prevailed in the district court insofar as the suit of Mrs. Moberly against it was concerned, and, on appeal, it directed no assignment of error against any ruling of the trial court pertaining to her. Under such a record there was nothing for Mrs. Moberly to cross-assign.

■ Even if Mrs. Moberly's cross-assignments against the Fidelity Company could be considered they would have to be overruled. The undisputed record shows that her alleged claim was filed with the county clerk more than 90 days after the delivery of the things she claims to have furnished Eproson & Company. Article 5160 R. C. S. of Texas, 1925, as amended by Acts 1929, 41st Legislature, p. 481, Chap. 226. No right of action is fixed against a bondsman by filing a claim for labor or material furnished a contractor after the 90 day limit fixed by the above statute. Employers Liability, etc. v. Young County Lumber Company, et al., 122 Texas, 647, 64 S. W. (2d) 339, and authorities there cited.

We now come to consider the application filed by the Fidelity Company.

■ The record in this case shows that Eproson & Company quit and abandoned their contract on or about October 22, 1929. Work was resumed by the subsequent contractor, who took over the work by authority of the State, about February 5, 1930. The subsequent contractor completed the project with due dispatch. Mrs. Moberly filed this suit after Eproson & Company quit and abandoned their contract, and within one year after such abandonment. The other parties intervened in due time. The case was not actually tried until more than one year after the completion of the work. Under such a record the Fidelity Company contends that all judgments against it are erroneous because no cause of action against it had ac-

crued at the time Mrs. Moberly filed the suit. The Court of Civil Appeals overruled this contention on the ground that the Fidelity Company had not filed, in due order of pleadings, a plea in abatement. We are of the opinion that the Court of Civil Appeals was in error in holding that the question could only be raised by plea in abatement. Austin Bros. Bridge Co. v. Love (Com. App. opinion approved), 34 S. W. (2d) 574. It will be noted that the Court of Civil Appeals, among other authorities, cites Love v. Austin Bros. Bridge Co. (Civ. App.), 5 S. W. (2d) 570 in support of its ruling. The Commission opinion just cited is the same case in the Supreme Court and overrules the holding of the Court of Civil Appeals in this particular.

In spite of the above the correct result was reached by the Court of Civil Appeals. Article 5162, Revised Civil Statutes of Texas, 1925; Employers' Liability, etc. v. Young County Lumber Co., 122 Texas, 647, 64 S. W. (2d) 339. In this connection it will be noted that Article 5162, supra, expressly stipulates: "provided that if the contractor quits or abandons the contract before its consummation, suit may be instituted by any of such creditors on the bond of the contractor, and shall be commenced within one year after abondonment of such contract and not later." Under the plain language of the above quoted portion of Article 5162 this suit could have been filed at any time within one year after the abondonment of the work by Eproson & Company. This ruling is not in conflict with the opinion in Austin Bros. Bridge Co. v. Love, supra. No question of abandonment was there involved.

■ By proper assignment of error the Fidelity Company contends that it is not liable for the amount expended by the State in completing this contract under a subsequent contract made more than three months after abondonment by the first contractor, when the work, on account of delay and wintry weather, cost more than it would have cost if it had been begun promptly after the abondonment, as authorized by the original contract. We overrule this assignment. As shown by the record, Eproson & Company abandoned the contract about October 22, 1929. The new contractor began work a little more than three months thereafter. It is shown that considerable time was consumed in negotiations with the Fidelity Company relative to its furnishing a contractor. Taken as a whole, it cannot be said as a matter of law that the State failed to act with reasonable promptness in the premises.

■ It appears that the State's contract with Eproson & Company provided for alterations in the plans and specifications, if they did not change materially the original plans and specifications, and if they did not alter the quantities more than twenty per cent. The Fidelity Company contends that this provision of the contract was violated by the State in re-letting the work. This was a fact issue found against the Fidelity Company by the trial court. There is some evidence in the record supporting the finding. The Court of Civil Appeals holds it sufficient. That holding is final.

Intervener, Texas Sand & Gravel Company, recovered a judgment against the Fidelity Company for $821.93, with six per cent interest from date of judgment. The Court of Civil Appeals modified this judgment by allowing six per cent interest from January 1, 1930, and as so modified affirmed the same. The Fdelity Company assigns such ruling as to interest as error.

■ As we understand this record the claim of Texas Sand & Gravel Company is based on various car-load shipments of sand and gravel sold by them on oral contract to Eproson & Company for use on this road at an agreed price, and on an agreement to pay for same on the first day of each month following shipment. Under such a record the Court of Civil Appeals holds that Texas Sand & Gravel Company was entitled to interest at six per cent from January 1, 1930, under Article 5070, R. C. S., 1925. We presume from the briefs, and the terms of the statute cited, that this holding is based on the theory that the claim is an open account. The claim is not an open account within the meaning of Article 5070, supra. McCamant v. Batsell, 59 Texas, 363; McDaniel v. National Steam Laundry, 112 Texas, 54, 244 S. W., 135. We quote the following from Judge Stayton's opinion in McCamant v. Batsell, supra:

"It would seem that an account consisting of many items, based upon agreements as to each item as to the price and time of payment, would not be an *open account,* any more than would an account in reference to which, by one agreement made after all the items of account had been sold and delivered, the price and time of payment was fixed.

"The word 'open' indicates that there is something undetermined by contract of the parties or by the application of settled rules of law, and it would seem that an account cannot be said to be *open* when there remains no term of the contract to be settled by agreement of the parties."

As shown by the statement above the claim of Texas Sand & Gravel Company was based on several car-load shipments of sand and gravel. The price and times of payment were fully understood and there remained no term of the contract to be settled by agreement of the parties.

■ The trial court rendered judgment for the intervener, R. L. Adams, for $2,991.05. The Court of Civil Appeals reversed the Adams judgment, and remanded the cause as to him to the district court for a new trial. Both the Fidelity Company and Adams have prosecuted error to this court. The Fidelity Company contends that the judgment of the district court as to Adams should have been reversed and rendered, while Adams contends that such judgment should have been affirmed. We sustain the contention of the Fidelity Company.

It appears from the record that R. L. Adams was a subcontractor under Eproson & Company. Adams' contract, which was oral, called for him to do certain dirt work at agreed prices. Adams did work during the months of May, June, July, August and September, 1929. On October 26, 1929, he filed a sworn statement of his account with the county clerk of Henderson County, Texas. The affidavit to such statement reads as follows:

"The State of Texas, County of Henderson.

"Before me, the undersigned authority, on this day personally appeared R. L. Adams, known to me to be a credible citizen of Henderson County and State of Texas, who having been by me duly sworn, on oath deposes and says:

"That he is the same R. L. Adams who entered into a subcontract with Eproson & Company, a firm composed of G. A. Eproson, Ernest Eproson and the E. B. Truett estate, as a subcontractor upon certain highway work to be done in Henderson County, Texas, upon Highway No. 19, being known as Job S. A. P. 845;

"That affiant did go in and upon said work and construction and perform labor in accordance with the terms and conditions of his subcontract;

"That there is attached to this affidavit a statement of his account showing the total balance due him by Eproson & Company of $2,991.05; that said account as itemized is correct and that all just and legal offsets, payments and credits to which same is entitled show thereon;

"That a copy of this account, together with the letter of approval thereto, signed by Eproson & Company, is herewith filed with the County Clerk of Henderson County, Texas, with

the State Highway Department and with the surety upon the bond of Eproson & Company, being Detroit Fidelity & Surety Co., Republic Bank Building, Dallas, Texas, in order to protect the said R. L. Adams against any payment to be made to said contractors or to the surety upon the contractor's bond, in accordance with the provisions in such cases made and provided.

"(Signed) R. L. Adams.

"Sworn to and subscribed before me, this the 26th day of October, A. D. 1929.

"(Signed) Rosabel Harris,
Notary Public in and for
Henderson County, Texas."

The Fidelity Company attacks the above affidavit as insufficient under applicable statutes on various grounds. We have decided that only one of such grounds need be discussed by us.

Article 5160, R. C. S., 1925, as amended, provides, among other things:

"* * * Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by statutes as to mechanic's lien claims, and such claims shall be filed with the county clerk of the county, in which said work is being prosecuted, within ninety days from the date of the delivery of said material, and the performance of said work."

It will be noted that the statute just quoted requires that claims such as this shall be itemized and sworn to as required by statutes as to mechanic's lien claims. We must, therefore, look to the statute defining the sufficiency of the affidavit to a mechanic's lien claim to determine the sufficiency of this affidavit. Article 5456, R. C. S., 1925, is the applicable statute which defines the affidavit required for a mechanic's lien claim. That statute provides, among other things, that the affidavit shall state, *"and the prices therefor as set forth in the annexed account are just and reasonable,"* etc. We have carefully examined the affidavit to the Adams claim and are unable to discover therein any statement to the effect above required, either in letter or in substance. Adams' right to recover on this bond is purely a statutory one. The question of injury is not involved. Absent the statute, and a substantial compliance therewith, absent the right. We do not say that there must be an absolute literal compliance, but there must be a substantial

compliance. The omission of a statement that the prices charged were just and reasonable, or equivalent words, was the omission of a substantial and material requirement.

■ Interveners, Robbins Brothers, filed a claim with the County Clerk of Henderson County, Texas. The claim was filed for $1,684.00. They recovered judgment for that amount in the district court. The affidavit attached to such claim reads as follows:

"Before me, the undersigned authority, on this day personally appeared R. W. Robbins, who after being by me duly sworn upon his oath deposeth and says:

"That he is a member of the firm of Robbins Bros., a co-partnership firm composed of J. I. Robbins and R. W. Robbins, that they are the owners of a claim for merchandise against the firm of Eproson and Company for materials furnished them in the prosecution of their work as contracted on State Highway No. 19, in Henderson County, Texas, as is more fully shown by the itemized bill for said merchandise attached hereto; and that said firm is now justly indebted to them for the sum of $1,684.00 as is shown by said bill; that said bill was due and payable on October 25th, 1929, and now remains unpaid, that said account is just due and unpaid; that all legal offsets, credits and payments have been allowed on same.

"(Signed) R. W. Robbins.

"SWORN TO AND SUBSCRIBED BEFORE ME, this the 1st day of November, A. D. 1929.

"(Signed) Gertrude Gurnsey,
(Seal)                    Notary Public in and for
                          Henderson County, Texas."

The Fidelity Company contends that the foregoing affidavit is insufficient to comply with the provisions of Article 5456, supra, for various reasons, only one of which need be discussed.

As already stated by us in this opinion, an affidavit which fails to state "and the prices therefor as set forth in the annexed account are just and reasonable," is fatally defective. We have carefully examined the above affidavit and are unable to find any such words contained therein, or their equivalent. It is true that the affidavit does state that the account is just, but we do not believe that this is equivalent to the statement that the prices charged are just and reasonable.

If we understand the brief of this defendant in error he contends that the above affidavit is sufficient because it complies with Article 5453, R. C. S. of Texas, 1925, as amended.

We think Articles 5453 and 5456 must be read together and considered as a whole. Article 5456 defines the sufficiency of the affidavit to be used when the "material is furnished to a contractor * * * and not to the owner of the property." Such is the case here. This intervener is asserting a claim for material furnished to the contractor, Eproson & Company.

The opinion of the Court of Civil Appeals discloses that the Fidelity Company attacked in that court the affidavits of various other interveners as not complying with the requirements of Article 5456. The rulings of the Court of Civil Appeals on such other accounts are not presented for review in the application for writ of error filed by the Fidelity Company. We therefore express no opinion as to such rulings.

It is ordered that the following judgment be here entered:

1. The judgment of the Court of Civil Appeals which modifies and affirms the judgment of the district court for Texas Sand & Gravel Company as to interest is reversed as to such interest and the judgment of the district court affirmed.

2. The judgments of the Court of Civil Appeals and district court as regards R. L. Adams and Robbins Brothers as applied to the Fidelity Company are reversed, and judgment here rendered for the Fidelity Company.

3. In all other respects the judgments of the Court of Civil Appeals and district court are affirmed.

It is further ordered that the costs are adjudged as follows:

1. Texas Sand & Gravel Company shall pay 1/33 of the costs of appeal in the Supreme Court.

2. R. L. Adams and Robbins Brothers shall pay 2/33 of all costs in all courts.

3. Mrs. E. L. Moberly shall pay 1/33 of the costs in the district court, and in the Supreme Court.

4. The Fidelity Company shall pay all costs not above specifically adjudged in the Supreme Court and Court of Civil Appeals.

5. The two Eprosons and the Fidelity Company shall pay all costs not otherwise above adjudged in all courts.

Opinion adopted by the Supreme Court November 28, 1934.