## CITY OF DALLAS v. CONLEY, LOTT, NICHOLS MACHINERY CO.

### No. 13423.

Court of Civil Appeals of Texas. Dallas.
June 11, 1943.

Rehearing Denied July 9, 1943.

990

Touchstone, Wight, Gormley & Touchstone and Jerome T. Ragsdale, all of Dallas, for appellant.

Carter & Garonzik, Charles Gallagher, Jr., and Ben T. Warder, Jr., all of Dallas, for appellee.

LOONEY, Justice.

The events leading to the present controversy are these: Wood & Scurlock, contractors, agreed with the City of Dallas to construct an addition to the Dallas Technical High School building for the consideration of $155,090. Before the addition was completed, the contractors defaulted; but prior thereto, the City had paid them $40,612.50, being 90% of the value of the work completed; also retained $4,512.50, 10% of the value of the completed work, leaving unexpended $114,477.50 of the original contract price, including the $4,512.50 retained as above mentioned. After the default, the City employed Barker-Walters, contractors, to finish the work at a cost of $116,620, which of course, consumed all that remained unexpended of the Wood & Scurlock contract, including the retainage, and over $2,000 in addition. The contract between the City and Wood & Scurlock provided, among other things, that in case the contractors defaulted, the City could finish the work by whatever method deemed expedient, and that the contractors would not be entitled to receive any further payments until the work was finished; and if any funds remained after the project was completed, the same would be paid to the contractors, but if additional funds were required to complete the job, the contractors would pay the difference to the City.

Before their default, Wood & Scurlock became indebted to Conley, Lott, Nichols Machinery Company in the sum of $213.36, rentals on certain machinery used on the job by the contractors. It is admitted that the Company complied with the provisions of Art. 5472a, Vernon's Ann.Civ.St., in that, its claim was duly filed with the proper official of the City of Dallas. The Company brought this action against Wood & Scurlock and the City of Dallas, on its claim just described. On trial before the judge, plaintiff obtained judgment against the City for the amount of its claim, but took nothing against Wood & Scurlock, as they had previously been discharged in bankruptcy. The City appealed, and contends that the court below erred in rendering judgment, in that, no funds belonging to Wood & Scurlock, available to pay plaintiff's claim, were left after completion of the job. This assignment, in our opinion, must be sustained. The only right plaintiff obtained under Art. 5472a was to fix a lien on the fund, if any, due or to become due the contractors under the terms of the contract. Plaintiff simply stepped into the shoes of the contractors, as in a garnishment proceeding, was subrogated to their rights, but acquired no right that the contractors themselves could not have enforced against the City. It is true that at the time plaintiff filed its claim, the City held $4,512.50, being 10% of the amount earned by the contractors prior to their default, and if the matter had ended there, that amount would have been due the contractors, subject to be appropriated by laborers, materialmen, etc., fixing liens under the statute, but the matter did not end there; the uncompleted contract had to be finished, and, in finishing same, the City was compelled to expend the amount remaining unpaid of the original contract price, including the amount retained, and, in addition, over $2,000. Thus it appears indisputably that not a penny was left due Wood & Scurlock under the contract, hence plaintiff, who claimed under them, can have no greater right. The judgment, in our opinion, was erroneous, must be reversed and judgment here rendered for the City that plaintiff take nothing, and it is so ordered.

Reversed and rendered.