UNITED TILE COMPANY, Inc. et al.,
Appellants,

v.

KERMIT INDEPENDENT SCHOOL
DISTRICT et al., Appellees.

No. 5051.

Court of Civil Appeals of Texas.

El Paso.

Nov. 17, 1954.

Rehearing Denied Dec. 15, 1954.

William H. Crenshaw, Perkins & Bezoni, H. J. Rucker, Midland, Klett, Bean & Evans, Chauncy Trout, Lubbock, for appellants.

Emil C. Rassman, Turpin, Kerr & Smith, Gerald Fitz-Gerald, Midland, for appellees.

HAMILTON, Chief Justice.

Appellant United Tile Company, Inc., and Architectural Stone Company brought suit against the J. G. Ryan Construction Company, contractor, Indemnity Insurance Company of North America as surety, and Kermit Independent School District as owner for the unpaid balances of their respective accounts for labor performed

and materials furnished the J. G. Ryan Construction Company for use in the construction of two public school buildings in Kermit, Texas. Several others intervened, claiming unpaid balances due them for labor and materials furnished said company. The court sustained motions for summary judgments and entered judgment for appellants and intervening plaintiffs against J. G. Ryan Construction Company, and for appellees Indemnity Insurance Company of North America and Kermit Independent School District against these appellants and all intervening claimants.

It appears that the facts of the case are uncontradicted. On October 18, 1949, J. G. Ryan Construction Company as general contractor entered into a contract with Kermit Independent School District as owner whereby for a consideration of $782,860, subject to certain requirements, provisions and conditions, it agreed to furnish all labor and material and build for said school district two public buildings at Kermit, Texas. Kermit Independent School District requested and the contractor furnished a bond of performance. The Indemnity Insurance Company of North America is surety on said bond.

At various dates from September 5, 1950 to October 9, 1950, appellant United Tile Company, Inc. furnished the general contractor certain items of labor and material about which there is no dispute; on December 21, 1950, Kermit Independent School District received notice from the United Tile Company, Inc. to the effect that it held an unpaid claim for materials furnished and labor performed by the United Tile Company, Inc., on one of the school buildings involved in the amount of $1464.01 against J. G. Ryan Construction Company. On February 1, 1951, the United Tile Company, Inc. filed an unsworn statement of materials furnished and labor performed and the unpaid amount due thereon with the County Clerk of Winkler County, Texas. The Architectural Stone Company delivered on March 31, 1950 to the general contractor for use in such construction an amount of building stone for all of which payment was made except some $600, likewise on April 30, 1950, an additional amount of stone was delivered to and paid for by said contractor except $200 which was retained; third and last delivery of stone was made and paid for on September 15, 1950 except $200 which was retained by the contractor. On the 8th day of November 1950 Architectural Stone Company filed an affidavit and claim of lien statement with the County Clerk of Winkler County, Texas, the itemization of which is as follows, to wit:

|  |  |  | Amt. Due | Unpaid Bal. |
|---|---|---|---|---|
| March 31, 1950 | Cast stone material | | $600.00 | $600.00 |
| April 30, 1950 | Cast stone material | | 200.00 | 200.00 |
| Sept. 15, 1950 | Cast stone material | | 200.00 | 200.00 |
| Total Amount Due and unpaid | | | $1,000.00 | |

On November 8, 1950, the appellee Kermit Independent School District received from Architectural Stone Company a copy of said lien statement. That after said notices were given to Kermit Independent School District by appellants said school district paid to J. G. Ryan Construction Company sums amounting to over $200,000 on architect's certificates. On June 18, 1951, appellee school district declared the general contractor in default according to the terms of the contract, and terminated said contract, said termination taking effect on June 25, 1951. On June 18, 1951, there remained in the hands of appellee school district $119,907.99 of the contract price of $787,860. On June 26, 1951, appellee Indemnity Insurance Company of North America notified appellee school district that it would not attempt to complete the construction under the performance bond and said district thereafter secured another contractor to complete the buildings according to the terms and conditions of the original contract, at a cost of $119,907.99, plus an additional amount of $61,848.89. On June 8, 1951, appellant United Tile Company, Inc. instituted cause No. 4382 in the District Court of Winkler County, Texas, seeking the recovery of $1,464.01 from J. G. Ryan Construction Company and appellees Kermit Independent School District and Indemnity Insurance Company of North America. On January 30, 1952, Architectural Stone Company instituted

suit No. 4277, seeking recovery of $1,000 from the same parties as designated in the other suit. These two causes, Nos. 4382 and 4277 were by order of the court consolidated on June 16, 1952.

Appellant Architectural Stone Company contends that it should recover on the bond of surety under Article 5160 Vernon's Ann. Civ.St. and should recover of the Kermit Independent School District and on the bond of surety under Articles 5472a and 5472b Vernon's Ann.Civ.St., in conjunction with said Art. 5160. Appellant United Tile Company, Inc., contends it should recover against the appellee Indemnity Insurance Company of North America on its bond as a common-law obligation, irrespective of whether it failed to comply with the requirements set out in said Art. 5160, and that it should recover of appellee Kermit Independent School District under said Art. 5472a.

■ Since it is not possible for mechanics and material liens to be fixed against public works or public buildings for the state, county, school district or municipality, the Legislature has seen fit to provide a method by which furnishers of material and labor for the construction of public buildings may be protected in payment of their debt claimed. Such protection is given in said Art. 5160, the pertinent parts of which for our purpose are as follows:

"Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. * * * Provided further, that all claims for labor and material fur-

nished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

It is the rule in Texas that the terms of said Art. 5160 are by law incorporated in and become part of all bonds executed by a general contractor and furnished by him in connection with the construction of public works or public buildings for the state, county, school district or municipalities whether or not such article is mentioned, referred to or incorporated in such bond. Aetna Casualty & Surety Co. v. Hawn, 128 Tex. 296, 97 S.W.2d 460; Massachusetts Bonding & Ins. Co. v. City of Grapeland, Tex.Civ.App., 148 S.W.2d 1006, modified in other respects in 139 Tex. 310, 162 S.W.2d 657.

■ While it can be seen that such statute provides for a bond that shall protect whoever furnishes labor or material for the construction of public buildings, such statute also provides what must be done by the claimants in order to bring themselves under the protection of any such bond. Strict compliance with such requirements is essential to recovery on the bond for the labor or material. Union Indemnity Co. v. Rockwell, Tex.Com.App., 57 S.W.2d 90; Indemnity Ins. Co. of North America v. South Texas Lumber Co., Tex.Com.App., 29 S.W.2d 1009.

■■ We hold that the trial court properly denied recovery by appellants against the appellee Indemnity Insurance Company of North America for the reason that neither complied with the requirements as set out in said Art. 5160. Appellant United Tile Company does not even contend that it complied with the requirements, but maintains that they are entitled to recover under said bond as a common-law obliga-

tion for the reason that since the bond was made payable to the Kermit Independent School District and the laborers and materialmen, that it had as much right to sue under said bond as Kermit Independent School District. This is not the law. It has repeatedly been held that where a bond is given in compliance with Art. 5160 that the furnishers of material and labor must comply with the requirements arising from such statute, even though the bond is broader than required by the statute, and even though it be a common-law obligation. Indemnity Ins. Co. of North America v. South Texas Lumber Co., Tex.Com. App., supra; Fidelity & Deposit Co. v. Big Three Welding Equipment Co., 151 Tex. 278, 249 S.W.2d 183

■ Appellant Architectural Stone Company maintains that it did comply with the requirements in that it filed a statement of its claim with the County Clerk of Winkler County, Texas, within ninety days after the last delivery of material which it had agreed to furnish the contractor for the construction of the building. The claim filed by appellant Architectural Stone Company does not show to have been properly itemized. As shown above, that part of the claim purporting to itemize the material merely states that an amount of stone was delivered at certain dates and the amounts set opposite each item remained due and unpaid. Nowhere does said claim state the amount of stone delivered, nor is the price per unit of material given. It has been held that such itemization is insufficient. Trinity Universal Ins. Co. v. Woitaske, Tex.Civ.App., 148 S.W.2d 235, (wr. dis. judgment correct); Harden v. McCarthy, Tex.Civ.App., 55 S.W.2d 1099, (wr. dis.). The claim filed by appellant is further defective in that it was not properly verified. The affidavit attached to said claim did not contain the statement "that the prices charged were just and reasonable" or equivalent words. The Supreme Court in Detroit Fidelity & Surety Co. v. State, 124 Tex. 145, 76 S.W.2d 492, has held that such omission was fatal to a recovery against the surety.

■ We likewise hold that neither of the appellants can recover of Kermit Independent School District by virtue of Articles 5472a and 5472b V.A.C.S. Appellants contend that they should recover against the Kermit Independent School District because said district continued to make progress payments to the general contractor on architect's certificates as the work progressed, after notice had been given, the school district that the appellants held unpaid claims against the general contractor. Also they contend that Kermit Independent School District became liable to pay claims of appellants when all the amount retained by the school district was applied to the cost of the completion of the contract. Art. 5472a provides:

"Lien for material furnished public contractor. That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim."

Art. 5472b, V.A.C.S. provides as follows:

"Retention of funds. That no public official, when so notified in writing, shall pay all of said moneys, bonds or warrants, due said contractor, but shall retain enough of said moneys, bonds or warrants to pay said claim, in case it is established by judgment in a court of proper jurisdiction."

The record shows that the appellee Kermit Independent School District at all times had more than a sufficient amount of money to pay the claims of appellants up until the time the contract with the contractor was cancelled. From a reading of Art. 5472b it is plainly seen that it was not con-

templated that the owner would not pay out any money to the contractor after receiving notice, but was only required to retain enough money to take care of the claims. However, in this particular case, the point becomes immaterial since the school district was required to expend not only the $119,000 remaining on hand at the time of the cancellation of the contract, but had to spend some $60,000 more in order to complete the buildings according to the contract. It was held in Republic National Bank & Trust Co. v. Massachusetts Bonding & Ins. Co., 5 Cir., 68 F.2d 445, at page 448, that the effect of Art. 5472a was to create a sort of statutory garnishment and that the owner as garnishee would be liable to the furnisher of labor and material as garnishor only as the owner would be liable to the general contractor at the completion of the contract. In other words, the Kermit Independent School District was entitled to complete this building according to the contract, and expend if necessary all the money not paid to the contractor, toward the cost of completion. A case almost exactly in point with this is the case of City of Dallas v. Conley, Lott, Nichols Machinery Co., Tex.Civ.App., 172 S.W.2d 989 (wr. dis.). When this contract was completed the Kermit Independent School District did not owe the Ryan Construction Company one penny, consequently the appellants cannot recover anything from the appellee, Kermit Independent School District.

In view of such holding it becomes unnecessary for us to pass on the sufficiency of the notices of claims given by the appellants to Kermit Independent School District.

There is one further contention made by appellants, that since the school District was forced to use up all the money due to be paid by it under the contract in order to complete the buildings, then the Surety should be made to respond on its bond to claimants who had complied with Article 5472a. Such contention is wholly without merit. Such Article nowhere places any greater responsibility on the bonding company, nor does it anywhere enlarge its liability over that fixed in Art. 5160. Neither does Art. 5472a diminish, or relieve claimants of any of the requirements they must meet under Art. 5160 in order to bring themselves under the protection of the bond. The fact that the general contractor becomes bankrupt and the contract cannot be completed within the contract price does not alter the situation. If one elects not to comply with the requirements in Art. 5160 but relies solely on Art. 5472a, then he must run the risk of there being enough money left over, when the contract is finished, to pay his claim.

The judgment of the trial court is in all things affirmed.