TRAVELERS INDEMNITY COMPANY, Appellant,

v.

SNYDER NATIONAL BANK, Appellee.

No. 3752.

Court of Civil Appeals of Texas.

Eastland.

Oct. 26, 1962.

Rehearing Denied Nov. 11, 1962.

Gay & Meyers, Austin, for appellant.

Sentell & Rosser, Snyder, for appellee.

WALTER, Justice.

In a non-jury trial, Snyder National Bank recovered judgment against the Travelers Indemnity Company for $9,385.88, and Travelers was denied a recovery on its cross action against the bank. Travelers has appealed.

The City of Austin entered into a contract with J. H. Chastain for paving, curbing and guttering certain streets. Travelers wrote Chastain's payment and performance bonds. The Snyder bank financed Chastain's contract and Chastain made an assignment to the bank of the proceeds of his contract with the city and Travelers subordinated its rights and equities to those of the bank.

When Chastain defaulted, he had completed work of the value of $9,385.88, which was not then due and payable but was being held by the city as retainage. Travelers completed the contract through another construction company. In its settlement with the city, Travelers received credit for the $9,385.88 earned by Chastain.

Travelers contends the court erred in rendering such judgment for the bank because there is no evidence to support such judgment in that Chastain's assignment to the bank covered only "funds and payments due and to become due" under his contract with the city and at the time of default all amounts due under the contract had been paid. Travelers also has a cross point by which they complain of the court's failure to render judgment for them on their cross action against the bank.

The material facts are not disputed and the parties stipulated the following: That the City of Austin and Chastain entered into such contract on July 1, 1960; that Travelers Indemnity Company was surety on Chastain's performance and payment bonds; that Snyder National Bank agreed to lend Chastain the funds necessary to perform the contract up to the contract price of $84,254.95; that Chastain assigned the proceeds of said contract to the bank, and Travelers subordinated all its claims, demands and equities for and against funds which might be and become payable to Chastain to the claims and demands of the bank; that the city accepted notice of such assignment and paid the Snyder National Bank $47,807.81; that Chastain undertook the performance of his contract and worked thereunder during the months of July, August and September, 1960; that between July 10, 1960 and September 19, 1960, the bank loaned Chastain $83,300.00; that representatives of Travelers were advised of each advance made by the bank to Chastain; that Chastain defaulted on September 21, 1960, and notified the city of such default on September 22, 1960; that the City of Austin advised Travelers of the default and requested Travelers under its bond commitments to complete the job; that Travelers

obtained Giesen and Latson, contractors, who submitted a bid to complete the work; that the City of Austin and said contractors entered into a contract covering the work to be performed and the prices to be paid therefor in the completion of the work left unperformed by Chastain; that at the close of work on September 21, 1960, Chastain had performed work in the amount of $9,-385.88, for which the City of Austin had not and has not paid either the bank or Chastain; that Giesen and Latson completed the work at a bid price of $11,978.28 more than such work would have cost had Chastain completed performance; that in the performance of its obligation under the bond Travelers was required to pay the city the excess between the cost of completion by Giesen and Latson over the cost had the contract been performed by Chastain, ($11,-978.28), less the amount of work completed by Chastain but not paid for by the City of Austin ($9,385.88), which was the sum of $2,592.40; that Travelers was required to pay to laborers and materialmen, who labored and furnished material to Chastain the sum of $52,484.56; that at the time of trial Chastain was indebted to the bank for an amount in excess of $9,385.88, by reason of advances made to Chastain.

The material portions of Chastain's assignment to the bank are as follows: "does by these presents assign to the Snyder National Bank, Snyder, Texas, all funds, together with all my right, title and interest in and to the same, and the right to receive funds and payments due and to become due under and by reason of said Contract dated July 1, 1960, from The City of Austin, Texas, as and when such funds and payments become due and payable."

The material portions of Travelers' subordination agreement are as follows: "the said The Travelers Indemnity Company does hereby subordinate all of its claims, demands, rights and equities to, for and against funds which may be and become payable to J. H. 'Bud' Chastain and Sons under and by reason of said contract with the City of Austin, Texas, to the claims and demands of the Snyder National Bank."

Pending completion of the job, no money was due or payable except on monthly estimates and upon completion of the units. It is not contended by either party that any money was due and payable to Chastain under either of these methods of payment at the time of his default.

Article 5160, Subdivision E, of Vernon's Texas Civil Statutes provides as follows:

"In the event any contractor, who shall have furnished the bonds provided in this Statute, shall abandon performance of his contract or the awarding authority shall lawfully terminate his right to proceed with performance thereof because of a default or defaults on his part, no further proceeds of the contract shall be payable to him unless and until all costs of completion of the work shall have been paid by him. Any balance remaining shall be payable to him or his surety as their interest may appear, as may be established by agreement or judgment of a court of competent jurisdiction."

The bank contends that upon completion of the contract by Travelers, after default by Chastain, the retainage money in the hands of the city became payable to the bank as assignee of Chastain.

After considering all of the pertinent provisions of the contract, the assignment, the subordination agreement and the statute, we are compelled to hold that the bank was not entitled to recover. Chastain could not qualify for this retainage under Article 5160 because he abandoned performance and defaulted and the costs of completion were not paid for by him.

The bank had no greater right to the disputed funds than Chastain had. "It appears to be settled that when there is an assignment of a particular fund the assignee takes the title of the assignor to that which is assigned, but he obtains no greater

right in or to the fund than exists in the assignor." O'Neil Engineering Company v. First National Bank, Tex.Com.App., 222 S. W. 1091. Chastain could not have recovered because when he defaulted no money was due him. The bank stood in the shoes of Chastain under their assignment. This conclusion is supported by City of Dallas v. Conley, Lott, Nichols Machinery Company, Tex.Civ.App., 172 S.W.2d 989 (Writ Ref.), and United Tile Company v. Kermit Independent School District, Tex.Civ.App., 273 S.W.2d 434 (Writ Ref. N.R.E.).

We have considered appellant's cross point wherein it complains of the action of the court in failing to enter judgment for it on its cross action. We find no merit in this point and it is overruled. The judgment awarding the bank a recovery is reversed and here rendered that the bank take nothing against Travelers; in all other respects the judgment is affirmed.