## FIDELITY & DEPOSIT CO. OF MARYLAND v. BIG THREE WELDING EQUIPMENT CO., Inc. et al.

### No. 12332.

Court of Civil Appeals of Texas. Galveston.

Dec. 6, 1951.

Rehearing Denied Jan. 3, 1952.

Fulbright, Crooker, Freeman & Bates, Newton Gresham, and Quentin Bates, all of Houston, for appellant.

Madison Rayburn, Houston, for appellees Landry & Yeatts.

Bliss Daffan, Houston, for appellee Elgin-Butler Brick Co.

Ross, Banks & May and Geo. B. Banks, all of Houston, for appellee H. H. Robertson Co.

Harry Freeman, Houston, for Big Three Welding Equipment Co.

Bryan, Suhr & Bering, Houston (and D. E. Suhr, Houston, of counsel), for appellee Armco Drainage & Metal Products, Inc.

Delange & Hudspeth, Houston (C. M. Hudspeth, of Houston, of counsel), for appellee Shady Park Lumber Co.

Andrews, Kurth, Campbell & Bradley, Houston, for Bickley Bros.

CODY, Justice.

The Shannon Company, Incorporated (which did not appeal from the judgment rendered below), defaulted on a written contract which it had with the City of Houston, to furnish all tools, labor, material, machinery and appliances for the construction of certain public works (which contract had attached thereto detailed plans and specifications) for the agreed consideration of $91,436.53. By the terms of said contract, the Shannon Company, Incorporated obligated itself to promptly pay all subcontractors, workmen, mechanics and materialmen who may furnish labor and material for such work, in strict compliance with such contractor's agreement with such parties. Upon the contractor's default, the City took over the job in the performance of which it spent all of the unexpended contract price except the sum of $1,627.46.

At the time the City took over the completion of the job, the Shannon Company owed a number of bills for material which had been used by it in the construction of the aforesaid public works. The various unpaid materialmen, in whose favor judgment was rendered below, notified the City in writing of their claims, and the City held up the disbursement of the unexpended contract price. The City then, by an interpleader suit, made the general contractor (the Shannon Company) a defendant, and also made a defendant the Fidelity & Deposit Company of Maryland, which was surety on the general contractor's performance bond; and also made defendants the various materialmen who were asserting claims to the fund in the City's hands.

The general contractor (the Shannon Company) was required, of course, to give the performance bond hereafter referred to, and as will be noted therefrom, the Fidelity & Deposit Company of Maryland, aforesaid, was obligated thereon according to its terms, both as principal and as surety. So far as is here material, the performance bond provided:

"That we, Shannon Company, Incorporated [and] Fidelity & Deposit Company of Maryland as principal, hereinafter called 'Contractor' and the other subscriber hereto [i. e., appellant Fidelity & Deposit Company of Maryland] as surety, do hereby acknowledge ourselves to be held and firmly bound to the City of Houston, a municipal corporation, in the sum of Ninety One Thousand, Four Hundred, Thirty Six and 53/100 ($91,436.53) Dollars, for the payment of which sum * * * the said Contractor and surety do bind themselves * * * jointly and severally.

"The Conditions of this Obligation are such that:

"Whereas, the said Contractor has this day entered into a contract in writing with the City of Houston, Texas for the construction * * *.

"Now, therefore, if said Contractor shall faithfully and strictly perform said contract in all its terms * * * and if the said Contractor and surety on this bond shall promptly make payments to all persons, firms or corporations supplying the Contractor with labor or material or both in the prosecution of said work, then this obligation shall become null and void and

shall be of no further force and effect * * *. It is also understood and agreed that the provisions of this bond shall inure to the benefit of any person, firm or corporation who may furnish to the Contractor any machinery or equipment and/or labor or material or both, for or in connection with the performance of this contract.

\* \* \* \* \* \*

(Signed)

"Shannon Company, Incorporated

Principal

By T. V. Shannon, President

"Fidelity & Deposit Co. of Maryland

By (the name signed is illegible)

Atty in fact"

The bond was also attested by the Secretary, and seal of each corporation, and was also signed by the Mayor of the City of Houston.

Except as it may hereinafter appear, the various materialmen who were named as party defendants to the City's interpleader suit, sought recovery against the Fidelity & Deposit Company of Maryland on the performance bond; and except as may hereinafter appear, none of said materialmen attempted to comply with the provisions of R.C.S. Article 5160 as to the filing of itemized and sworn accounts.

The Fidelity & Deposit Company of Maryland denied liability to the various materialmen who had failed to comply with the provisions of the aforesaid Article 5160 as to the filing of itemized and sworn accounts.

No question is made on this appeal with respect to the judgment awarding pro rata shares of the fund held by the City of the unexpended contract price.

The case was tried to the court without a jury, and judgment was rendered by the court, so far as is here important, for the various materialmen, against the said Fidelity & Deposit Company of Maryland, for the amount of their respective claims. The court, upon Fidelity & Deposit Company of Maryland's request, filed conclusions of fact and law, and so far as the same need here be considered, the conclusions of fact were to the effect that none of the materialmen, who are here appellees,

complied with the provisions of Article 5160 with respect to filing of itemized and sworn accounts. The court's conclusion of law, so far as is here material, was that "upon the plain language of the performance bond and of the contract thereby secured," the materialmen were nevertheless entitled to recover judgment on the bond.

Appellant Fidelity & Deposit Company of Maryland has predicated its appeal upon 3 points, which, in substance, present:

1. That the court erred in rendering judgment against appellant for the appellee-materialmen upon the performance bond, because the court found upon the undisputed evidence, that none of the appellees complied with the provisions of Article 5160, requiring the filing of itemized and sworn accounts to the County Clerk within 90 days from the delivery of the material furnished by them.

2. That the account filed by appellees Landry & Yeatts with the County Clerk was not sufficiently itemized to comply with the requirement of Article 5160.

3. That there were no pleadings by appellee H. H. Robertson Company against appellant, and the issue of appellant's possible liability to said appellees was not tried below by the express or implied consent of the parties.

Prior to the enactment in 1913 of what is now Chapter IV, Title 83, Arts. 5160–5164, in its original form, there was no statute which required, or which even specifically authorized the State, or its political subdivisions, or its municipalities, to require that those who furnished labor or materials in connection with the construction or repair of public buildings or public works be secured in their payment therefor. But it was the settled law of Texas that the State or its subdivisions and municipalities had authority to require that contractors employed on public works give bonds to secure such laborers and materialmen. Mosher Mfg. Co. v. Equitable Surety Co., Tex. Com.App., 229 S.W. 318. It was noted in the opinion in that case that our State Legislature had adopted legislation for the protection of laborers and materialmen in connection with the construction and repair of

public buildings and works, similar to that which had been enacted by Congress.

But in what we deem to be the leading decisions by the courts of this State in construing the applicability of the protection afforded by the legislation under consideration, the similar Federal legislation has not been adverted to. See Fidelity & Deposit Co. of Maryland v. Prassel Sash & Door Co., Tex.Civ.App., 24 S.W.2d 539; Indemnity Ins. Co. of North America v. South Texas Lumber Co., Tex.Com.App., 29 S. W.2d 1009; Standard Sanitary Mfg. Co. v. Southern Surety Co. of New York, Tex. Civ.App., 59 S.W.2d 291, writ refused; American Surety Co. v. Axtell Co., 120 Tex. 166, 36 S.W.2d 715; Employers' Liability Assur. Corp. v. Young County Lumber Co., 122 Tex. 647, 64 S.W.2d 339, 346.

Beginning with Fidelity & Deposit Co. of Maryland v. Prassel Sash & Door Co., supra, the opinions which have been allowed to stand by our Supreme Court have uniformly held that the liability of surety on a performance bond will be construed to be neither more nor less than the protection required under Art. 5160. This, even though the language of the bond itself provides that it shall be construed to be a contractual or common law bond, as distinguished from a statutory bond. Standard Sanitary Mfg. Co. v. Southern Surety Co. of New York, Tex.Civ.App., 59 S.W.2d 291, supra.

 Notwithstanding the holding in Mosher Mfg. Co. v. Equitable Surety Co., supra, to the effect that performance bonds, given in connection with a public works project prior to the enactment of what is now Art. 5160, were valid,—that is to say, the rights thereby created were valid prior to the enactment of the statute requiring such a bond, the settled view of our Supreme Court, as we understand it, is expressed in this language used in Employers' Liability Assur. Corp. v. Young County Lumber Co., supra [122 Tex. 647, 64 S.W. 2d 346], "We are not dealing with statutes giving remedies for the enforcement of independent rights. The very rights asserted here are given by, and arise out of, the statutes which prescribe the method for enforcement of the rights. The bonds are valid and were executed in substantial compliance with the statutes. They were intended to be statutory bonds, and the terms of the statutes under which they were executed are, in effect, to be read into the bonds." In other words, the Supreme Court recognizes that a common law performance bond is valid and enforcible, but has always construed that, where the protection afforded by the bond is no broader than the protection required by Art. 5160, the liability of the surety on the performance bond is statutory, and such liability can be enforced against the surety only by the method prescribed in the statutes. But, where the liability undertaken by the surety on a performance bond is broader than that required to be imposed by the statute, the performance bond will be construed to give rights which are independent of the statute, and the liability of the surety on the performance bond will be construed to be a common law liability. See Knox v. Ball, 144 Tex. 402, 191 S.W.2d 17, 164 A.L.R. 1453.

 It follows from what we have said that, had appellant undertaken only the liability of a surety on the performance bond here in question, the bond would have been a statutory bond. And in order to impose liability upon the surety the laborers and materialmen would have been required to file properly itemized and verified statements of their claims with the County Clerk of Harris County, to fix liability. But according to the wording of the performance bond, which has been set out above, appellant engaged along with the contractor, as principal, as well as surety, for liability for payment of laborers' and materialmen's claims. It is true that in signing the bond, appellant described itself as "Surety", but its assumption of liability upon the face of the bond was also that of "Contractor," or principal.

We conclude that, as against appellant, solely because its engagement of liability in the performance bond was that of a principal as well as that of a surety, its liability is common law instead of merely statutory. We, therefore, hold that it was not a prerequisite to the enforcement of appellant's liability that the materialmen

claimants file their claims with the County Clerk as required by the statute.

Our view that appellant assumed the liability of a principal to the materialmen on the performance bond is, we believe, implicit in the learned trial judge's conclusion of law. But since the court did not in terms so state, and appellant has not addressed itself to such view, at least in terms, it is invited to present on motion for rehearing its opposition to such view.

In passing, we think it proper to state that it. has been settled that the amendment to Art. 5160, of 1927, did not have the effect attributed to it by appellees. See Standard Sanitary Mfg. Co. v. Southern Surety Co. of New York, supra, so holding.

Appellant's first point is overruled. What has been said also requires that appellant's second point be overruled.

We are constrained to sustain appellant's third point to the effect that there were no pleadings by appellee, H. H. Robertson Company, against appellant, and the issue of appellant's liability to said appellee was not shown to have been tried by consent, expressed or implied. Said appellee was brought into the case in response to the City's interpleader with respect to the payment of the fund in the City's hands in excess of the amount of the contract price of the public works. The bill of the interpleader raised no issue with respect to appellant's liability on the performance bond. It is doubtless true that, had the performance bond been such as was provided for by the statute, the mere filing of a claim by said appellee would have raised the issue on appellant's behalf. But since the bond was not one involving appellant's statutory liability to the claimants, we must hold that there were no pleadings on which to base judgment against appellant in favor of said appellee on the performance bond. Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471. However, under said authority, the judgment in so far as it is in favor of said appellee will be reversed, and the cause remanded as between said appellee and appellant.

Affirmed in part, and in part reversed and remanded.