FIDELITY AND DEPOSIT COMPANY OF MARYLAND V.
BIG THREE WELDING EQUIPMENT COMPANY,
INCORPORATED, ET AL.

No. A-3503. Decided May 14, 1952.
Rehearing overruled June 18, 1952.
(249 S. W., 2d Series, 183.)

*Fulbright, Crooker, Freeman & Bates* and *Newton Gresham,* all of Houston, for petitioner.

The courts below erred in holding that those claimants who had failed to comply with the statutory requirements of filing itemized sworn accounts as required by Article 5160 should have judgment for their accounts. Knox v. Ball, 144 Texas 402, 199 S. W. 2d 17; Safety Casualty Co. v. Wright, 138 Texas 492,

160 S. W. 2d 238; Sorrells v. Coffield, 144 Texas 31, 187 S. W. 2d 980.

*Madison Rayburn*, of Houston, for respondents.

MR. JUSTICE WILSON delivered the opinion of the Supreme Court.

The City of Houston entered into a construction contract with the Shannon Company, Inc., as contractor, to build a sewage treatment plant. Upon default in completion of the construction work of the City of Houston took over the job and finished it. Thereafter this suit was filed for unpaid bills for material and labor furnished to the Shannon Company while it was still performing.

Art. 5160,[1] V. A. C. S., required that a performance bond

---

[1] Article 5160. Bonds for wages.

"Any person, or persons, firm or corporation, entering into a formal contract with this State or its counties or school districts or other subdivisions thereof or any municipality therein for the construction of any public building, or the prosecution and completion of any public work shall be required, before commencing such work, to execute the usual Penal Bond, with the additional obligation that such contractor shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. Any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the State or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the State or municipality. If the full amount of the liability of the surety on said bond is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the State or municipality, the remainder shall be distributed pro rata among said intervenors. Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims and such claims shall be filed with the County Clerk of the County in which said work is being prosecuted, within ninety days from the date of delivery of said material and the performance of said work. The County Clerk shall note on the mechanic's lien record, the name of the claimant, the amount claimed, the name of the contractor and the name of the county, school district, other subdivisions, or municipality with which the contract was made: and the County Clerk shall index the claim under the name of the contractor and under the name of the county, school district, other subdivisions or municipality; with which the contract was made.

"Provided further that after completion and acceptance of completed project all moneys due contractor under said contract shall be held by the State or its counties or school districts or other subdivisions thereof or any municipality until such a time that satisfactory evidence is submitted and affidavits made by the contractor that all just bills for labor and material under this contract has been paid in full by the contractor. Acts. 1913, p. 185; Acts 1929, 41st Leg., p. 481, ch. 226, Sec. 1."

be furnished by the contractor. At the execution of the contract the City of Houston required of the Shannon Company a performance bond which that company purchased from the Fidelity and Deposit Company of Maryland. This bond is upon a printed form furnished by the City of Houston. The printed portion of the opening clause in the first sentence is: "That we * * * as principal, hereinafter called 'contractor' and the other subscriber hereto as surety, do hereby acknowledge ourselves to be held and firmly bound to the City of Houston * * *" etc. The blank space left for inserting the name of the principal occupies two full lines across the paper. On the first line of this blank space was typed "SHANNON COMPANY, INCORPORATED." On the second line was stamped in red ink "Fidelity and Deposit Company of Maryland." The Court of Civil Appeals has held that the Fidelity and Deposit Company of Maryland became a principal and is liable as a principal. (244 S. W. 2d 543.)

1    An examination of the bond discloses that there were but two subscribers to it. Throughout the instrument it is evident that the whole intent of the entire instrument was that one of these subscribers would be principal and the other surety. The bond is signed by the Shannon Company as principal and the Fidelity and Deposit Company of Maryland as surety, and approved by the City of Houston. Attached to the bond is a power of attorney issued by the Fidelity and Deposit Company of Maryland authorizing one Thomas W. Hopkins, Jr., to execute bonds for it as surety. The signature of the Fidelity and Deposit Company of Maryland is by Thomas W. Hopkins, Jr. as attorney in fact. We hold that from the four corners of the instrument it can be established as a matter of law that the intent of the parties to this instrument was that the Shannon Company be principal and the Fidelity and Deposit Company of Maryland be surety.

2    Art. 5160 required that a performance bond be posted at the execution of the contract between the City and the Shannon Company. It provides the procedure and remedy for presenting a claim for labor or material against such a bond. Indemnity Ins. Co. of. North America v. South Texas Lumber Co., 29 S. W. 2d 1009. It is not necessary for us to determine whether the liability of this particular bond is broader than that required by Art. 5160. It does comply with that act and plaintiffs' claim clearly falls within the mandatory provisions of Art. 5160. Therefore they must follow its procedure. Employers' Liability Assur. Corporation v. Young County Lumber Co., 122 Texas 647, 64 S. W. 2d 339. Among other things this stat-

ute requires that "* * * all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work. * * *."

Plaintiffs did not comply with this provision of Art. 5160 in that they did not file their claims in the required manner and therefore are not entitled to recover.

The judgments of the Court of Civil Appeals and the trial court are reversed and judgment here rendered that the plaintiffs take nothing.

Costs are taxed against plaintiffs.

Opinion delivered May 14, 1952.

Rehearing overruled June 18, 1952.