FRYMIRE ENGINEERING CO., Inc. and
William Weston Co., Appellants,

v.

CITY OF MESQUITE et al., Appellees.

No. 3672.

Court of Civil Appeals of Texas.

Waco.

Jan. 14, 1960.

Rehearing Denied Feb. 11, 1960.

Lee Shipp, Dallas, for Frymire Engineering Co.

K. O. Smith and Frank G. Harmon, Dallas, for Wm. Weston Co.

Ennis E. Walden, Dallas, for City of Mesquite.

Earl Luna, Dallas, for American Automobile Ins. Co.

McDONALD, Chief Justice.

This is an appeal from a summary judgment rendered by the Trial Court that plaintiffs (appellants) Frymire Engineering Company and William Weston take nothing from defendants (appellees) City of Mesquite and American Automobile Insurance Company.

The City of Mesquite contracted with Caplan & Miller for Caplan & Miller to build a fire station for the City for $94,250, according to certain plans and specifications. On 10 March, 1958 Caplan & Miller defaulted on the contract. On such date Caplan & Miller had been paid a total of $74,931 on such contract by the City and the City held $19,319 in the retainage fund. Thereafter the City employed Hickey and Company to complete the building and paid them $6,144.93 out of the retainage. This left approximately $13,175 in retainage. This suit was filed by Plaintiff Frymire Engineering Co. against Caplan & Miller and the City of Mesquite. Frymire alleged that it was a sub-contractor which had contracted with Caplan & Miller to furnish all labor and materials for the heating, plumbing and air conditioning for the building for $11,965; that it had been paid a part thereof, but was due $3,633.83 on such contract; that it had on 7 February, 1958 notified the City of such claim and on 27 February 1958 filed with the County Clerk of Dallas County a verified itemized account of its claim for materials furnished, and thereby perfected its lien. Frymire alleged its claim was recorded in Book 614, p. 637 Mechanics' Lien Records of Dallas County. Frymire further alleged that the City of Mesquite did not retain moneys due Caplan & Miller in a retainage fund as required by the City's contract with Caplan & Miller; that the City had paid out moneys to Caplan & Miller after Frymire's notice to the City; that

the City had not let the completion contract to Hickey & Company by public bid; and prayed judgment against the City for the amount due on its contract with Caplan & Miller.

The City of Mesquite answered setting up the facts hereinabove set forth; impleaded some 33 additional furnishers of labor and/or material to Caplan & Miller, including the appellant William Weston, and the appellee American Automobile Insurance Company (which had acquired the rights of other claimants and which had executed the bonds required under Art. 5160, Vernon's Ann.Civ.St. for Caplan & Miller). The City of Mesquite further tendered the sum of $13,175.06, as balance in the retainage fund into the Registry of the Court; and prayed that it be discharged with attorneys' fees, and that the court determine the status of the claimants and make proper apportionment of the retainage.

American Automobile Insurance Company plead (among other things) that appellants Frymire and Weston were not entitled to recover, contending they had not complied with the provisions of Art. 5160, Vernon's Ann.Civ.St.; and further, that certain additional claimants had sold their claim to American, and American prayed for the pro rata distribution which would have been paid to such claimants.

Thereafter, on 17 November 1958 the City of Mesquite filed its Motion for Summary Judgment alleging that there was no genuine issue as to material fact and that the City was entitled to summary judgment as a matter of law. American Automobile Insurance Company, on 26 November 1958, filed its Motion for Summary Judgment contending that there were no genuine issues of fact for determination; and filed an affidavit to the effect that Frymire and Weston had not properly complied with Art. 5160 so as to create a lien against American Automobile Insurance Co.

The Trial Court granted judgment for Frymire and Weston against Caplan & Mil-

ler and there is no appeal from this judgment. The Trial Court further sustained the City of Mesquite's Motion for Summary Judgment and discharged the City with its attorneys' fees; and further sustained American Automobile Insurance Company's Motion for Summary Judgment and entered judgment dividing the $13,175.06 pro rata between all claimants, according no priority to Frymire or Weston. Frymire appeals, contending the Trial Court erred in granting summary judgment for both the City of Mesquite and for American. Weston appeals only the summary judgment for American.

■ We revert first, to Frymire's appeal from the Trial Court's sustaining the City of Mesquite's Motion for Summary Judgment. Frymire contends that genuine issues of fact exist as to whether: 1) the City of Mesquite retained adequate funds in its retainage fund; 2) the City paid out moneys after receipt of notice of Frymire's claim; and 3) the City should have publicly advertised for completion of the fire station.

■■ The record before us reflects that the City retained some $19,319 in the retainage fund. This represented in excess of 20% of the contract price for construction of the building. Frymire did not offer the City's contract with Caplan & Miller into evidence or by affidavit or otherwise sustain its contention that the City did not retain adequate funds in the retainage fund. Moreover, Frymire's debt was only $3,633; the retainage was $19,319; Frymire has neither alleged nor proved that the retainage was insufficient to cover its claim. See Smith v. Texas Co., Tex.Com. App., 53 S.W.2d 774. Frymire has offered no showing that the City paid out money to Caplan & Miller after receipt of notice of Frymire's claim; nor has Frymire taken depositions with a view of substantiating such contention. Frymire's attorneys' affidavit is that Frymire is *"informed and believes"* that the City paid out moneys to Caplan & Miller after receipt of notice of Frymire's claim. In the face of the

City denial, Frymire's affidavit on "information and belief" is insufficient to make for a fact issue. The City was entitled to complete the fire station after the general contractor defaulted and the surety did not complete the work, and to pay for same out of funds retained by the City.

From the foregoing, it follows we think the Trial Court's action in granting the City's Motion for Summary Judgment was correct.

■ Both Frymire and Weston appeal from the action of the Trial Court in granting American Automobile Insurance Company's Motion for Summary Judgment, and in dividing pro rata the balance of the retainage, after discharge of the City with its attorneys' fees.

American Automobile Insurance Company's Motion for Summary Judgment was supported by affidavit of its attorney, to the effect that Frymire's and Weston's liens filed with the County Clerk were insufficient to constitute a lien against American under Art. 5160. While American's affidavit recites that it incorporates such liens by reference for all purposes, the actual instruments filed with the County Clerk of Dallas County do not properly appear to be in the record. Both Frymire and Weston filed affidavits that they had fully complied with Art. 5160.

As we view this record, the movant for Summary Judgment has sworn that Frymire and Weston have not complied with Art. 5160, and Frymire and Weston have sworn that they did comply with such statute. There is insufficient showing by way of affidavits, depositions, etc., before this court for a determination as to whether Frymire and Weston complied or did not comply. If they did comply, they have a lien on the retainage to the extent of their debt, and it was error to divide the retainage pro rata, (and/or a cause of action on the bond).

■ In a summary judgment hearing the movant has the burden to prove clear-

ly his right to summary judgment, and that there is no issuable fact in the case for determination. Tigner v. First National Bank, 153 Tex. 69, 264 S.W.2d 85.

Our Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 in discussing this rule, says:

"The duty of the court hearing the motion for summary judgment is to determine if there are *any* issues of fact to be tried, and not to weigh the evidence or determine its credibility, and thus try the case on the affidavits. * * * 'The underlying purpose of Rule 166–A was elimination of patently unmeritorious claims or untenable defenses; *not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact.*' The burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.' * * * '(The court) accepts as true *all* evidence of the party opposing the motion *which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position.*' "

Whether Frymire and Weston properly complied with Art. 5160 under the factual backdrop of this particular case cannot be determined from the record before us. The several contracts involved are not before us; neither are the instruments filed in the County Clerk's office. Determination of whether a party has properly complied with Art. 5160, Vernon's Ann.Civ.St. with *all* of the facts before the trier of facts is a difficult matter, and one that should not be resolved on summary judgment on a limited showing of the facts and circumstances. See United Tile Co. v. Kermit Independent School Dist., Tex.Civ. App., 273 S.W.2d 434, W/E Ref. NRE;

Maryland Casualty Co. v. Barron-Britton, Inc., Tex.Civ.App., 327 S.W.2d 769. Further to the foregoing, movant's affidavit amounts to a legal conclusion only, which cannot constitute the basis for a summary judgment. It follows that we think a factual issue existed as to whether Frymire and Weston properly complied with Art. 5160, Vernon's Ann.Civ.St.

The judgment of the Trial Court is affirmed as to the summary judgment in favor of the City of Mesquite; and reversed and remanded as to the summary judgment in favor of American Automobile Insurance Company.

Affirmed in part.

Reversed and remanded in part.