**ELLIOT SHIELS PLANING MILL COMPANY, Appellant,**

v.

**AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 3694.

Court of Civil Appeals of Texas.

Waco.

Jan. 14, 1960.

Rehearing Denied Feb. 11, 1960.

---

Lyne, Blanchette, Smith & Shelton, Dallas, for appellant.

Earl Luna, Dallas, for appellee.

McDONALD, Chief Justice.

This is a summary judgment case, and arose out of the same factual situation as involved in Frymire Engineering Co. v. City of Mesquite, Tex.Civ.App., 331 S.W. 2d 380. The City of Mesquite contracted with Caplan & Miller for Caplan & Miller to build a fire station for the City. Caplan & Miller defaulted and the City completed the job out of the retainage. Thereafter, Frymire, a furnisher of material to Caplan & Miller, who had not been paid, filed suit against the City asserting a lien against the retainage. The City deposited the balance of the retainage in the registry of the court, impleaded some 33 other furnishers of material to Caplan & Miller, including Appellant Shiels; and the appellee, American Automobile Insurance Company, which was surety for Caplan & Miller.

The City of Mesquite made motion for Summary Judgment, which was granted by the Trial Court, and from which there is no appeal. American made motion for Summary Judgment contending that there were no genuine issues of fact for determination; and filed an affidavit to the effect that Shiels had not complied with Art. 5160, Vernon's Ann.Civ.St. in filing its lien with the County Clerk. Shiels answered such motion for Summary Judgment that its claim was not predicated on Art. 5160, but on the contrary, was solely in contract and against the Labor and Materialman's Bond executed by defendant American Automobile Insurance Company, as surety for Caplan & Miller, on its contract with the City of Mesquite, and that the motion for Summary Judgment did not dispose of any issues of fact raised by Shiels.

The Trial Court granted American's motion for Summary Judgment, and awarded Shiels only a pro rata of the retainage. Shiels appeals, contending the Trial Court erred in granting the summary judgment for American since there are genuine issues of fact as to whether American is liable as surety on its "Labor and Materialman's Bond".

The issue to be decided herein is whether under the facts Shiels has a cause of action on the Labor and Materialman's Bond standing alone, or whether Shiels is bound by the provisions of Art. 5160.

Art. 5160 V.A.C.S. (Acts 1929, 41st Legislature), which was in effect at the time of the transactions here involved, as well as at the time of the trial of this case, required Caplan & Miller to furnish a performance bond which protects the City of Mesquite and which contains an additional obligation that the contractor will promptly make payments to all furnishers of labor and materials  Such Article further requires that:

"* * * all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within 90 days * * *".

Shiels did not comply with this provision of Art. 5160, and does not contend to have done so.

Caplan & Miller executed two bonds with American as surety thereon.  The first bond was a Performance Bond, conditioned on faithful performance of the contract of construction, was in the amount of $90,698, and was payable to the City of Mesquite.  The second bond was a Labor and Material Payment Bond, in the amount of $45,349, and payable to the City of Mesquite for the use and benefit of furnishers of labor and material for Caplan & Miller.  The bond provides that furnishers of labor and material may sue on the bond for indebtedness due upon giving:

"* * * written notice to any 2 of the following: The Principal, the Owner, or the Surety above named within ninety (90) days after * * * claimant performed the last of the work or labor, or furnished the last of the materials for which claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed.  * * *"

There is no requirement in the bond that a claimant comply with Art. 5160, or file itemized claim with the County Clerk.

Shiels' contention is simply that he complied with the requirements of the bond itself, which was made for his benefit as a furnisher of material and labor, and that he is entitled to recover thereon as a matter of contract without regard to the provisions and requirements of Art. 5160.

If this were a matter of original impression we could agree with such contention, but such is not the case.  Our Supreme Court had under consideration an almost identical situation in Fidelity & Deposit Co. of Maryland v. Big Three Welding Equipment Co., 151 Tex. 278, 249 S.W.2d 183.  In that case it is held that Art. 5160 required that a performance bond with labor and material payment provisions be posted, and provided the remedy and procedure for presenting a claim for labor and material against such bond; that it is immaterial that such bond be broader than that required by Art. 5160; that the bond did comply with the Act and plaintiff's claim falls within the mandatory provisions of Art. 5160; that since the claims were not filed with the County Clerk as required by the Act, that the Act was not complied with, and that claimants were not entitled to recover.  In the case at bar there were two bonds, but taken together they were in compliance with the Act, and the case at bar is, we think, governed by the foregoing case.

We note that *effective 27 April, 1959* our Legislature amended Art. 5160 and that such amendment makes no requirement of filing such claim with the County Clerk.  Our view of this amendment is that it changes the public policy of this State as previously declared by our Supreme Court, to be the law under Art. 5160.  We are, however, powerless to accord such a retroactive effect.

The judgment of the Trial Court is therefore affirmed.