**T. L. HASTINGS d/b/a Hastings Trucking, Appellant,**

v.

**AMERICAN GENERAL INSURANCE COMPANY et al., Appellees.**

**No. 15700.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 9, 1977.

Rehearing Denied March 9, 1977.

Thomas S. Terrell, Kerrville, for appellant.

Barry K. Bishop, L. Parker McNeill, Clark, Thomas, Winters & Shapiro, Austin, for appellees.

BARROW, Chief Justice.

Appellee, Allen Keller Company (Keller), was the general contractor for the construction of a section of Interstate 10 near Kerrville, and appellee, General American Insurance Company (Surety), was surety on its statutory payment and performance bonds given pursuant to Art. 5160, Tex.Rev.Civ. Stat.Ann. (1971). Keller had a subcontract with Mac Ramsey to place base material on the roadway. Ramsey entered into a contract in November 1974 with appellant (Hastings) whereby Hastings agreed to furnish trucks and drivers to haul the material from a stockpile to where it was needed on the roadway. On May 16, 1975, Ramsey disappeared without completing his subcontract with Keller. At that time he was overdrawn on his contract with Keller by the sum of $7,699.50 and also owed Hastings $16,819.00 for material hauled by Hastings.

This suit was filed by Hastings against Ramsey, Keller, and Surety seeking recovery for the sum of $16,819.00 plus interest and attorney's fees. A default judgment was entered against Ramsey for the full amount of the unpaid account plus attorney's fees. Judgment was entered against Keller and Surety jointly and severally for the sum of $2,128.40 plus attorney's fees of

$1,500.00.[1] Hastings has perfected this appeal wherein he seeks to recover from appellees the full amount of its unpaid claim as well as additional interest and attorney's fees. In the alternative, he seeks a remand of the case because of several asserted errors in the charge of the court. Appellees complain of the judgment by several cross-points.

There is no dispute over the amount owed Hastings by Ramsey; the dispute is over the application of payments made on the account by or on behalf of Ramsey after notice of the claim had been filed by Hastings as required by Art. 5160B(b)(2). Although Hastings began work in November 1974 and had trouble getting paid almost from the outset, he did not file his statutory notice until March 28, 1975. Ramsey had no contract with Keller, and Keller's liability, as well as that of Surety, must be based upon Hastings' compliance with Art. 5160. It is agreed by all parties that the effective date is February 1 and that Hastings cannot recover from appellees for work or materials furnished prior to that date.

Appellees urge as a counter-point that the work done by Hastings was not within the contemplation of Art. 5160 and, therefore, a take-nothing judgment should have been entered as to them. Sec. C of Art. 5160 defines a claimant in part as follows:

[A]nyone having direct contractual relationship with the Prime Contractor, or with a subcontractor, to perform the work or a part of the work, or to furnish labor or materials or both as a part of the work as follows:

(a) Labor is to be construed to mean labor used in the direct prosecution of the work.

(b) Material is to be construed to mean any part or all of the following:

(1) . . .

1. The jury found substantially as follows:

That the labor of Hastings was used in direct prosecution of the work and that the reasonable value of the work performed in February and March 1975 was $20,635.00. In answer to Special Issue No. 5 it was found that the net amount owed Hastings for work performed in February and March, after deducting the amounts paid in February, March, and April, is $2,128.40.

(2) . . .

(3) Rent at a reasonable rate and actual running repairs at a reasonable cost for construction equipment, used in the direct prosecution of the work at the project site, or reasonably required and delivered for such use.

Keller was prime contractor on a contract with the State Highway Department to construct a portion of Interstate 10. It is obvious that the roadbed is an integral part of such contract. Hastings' contract with Ramsey required him to furnish trucks and drivers to haul the crushed rock from the stockpile to the roadbed. Hastings' contract comes within the statutory definition of a claimant. *Seldon v. S & S Aggregates Co.*, 441 S.W.2d 950 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.).

The principal question before us is whether the $18,506.60 paid to Hastings by or on behalf of Ramsey after February 1 should be credited as payment for work performed by Hastings before or after February 1. Hastings contends that the five payments made after February 1 were in payment of specific invoices for work prior to February 1 or, in any event, the payments should be credited to the earliest unpaid balance. The trial court agreed with appellees that all payments made during the statutory period should be deducted from the statutory claim.

Hastings' ledger sheets show that the following payments were made after February 1 by or on behalf of Ramsey:

| | |
|---|---:|
| 2–18 | $ 4,278.00 |
| 2–25 | 2,870.40 |
| 3–12 | 3,000.00 |
| 4–14 | 3,000.00 |
| 4–25 | 5,358.20 |
| | $ 18,506.60 |

The payment of $4,278.00 is the exact amount of Hastings' invoice No. 1178 which is dated 1–28. There is no evidence that Keller had any knowledge of this payment, much less agreed that it be applied to a particular indebtedness. The two payments for $3,000.00 were paid on account and there was no evidence regarding application of these payments. The final payment is

more complicated. Hastings testified that Ramsey gave him a "hot check" on February 20 in the amount of $5,358.20 and that when he threatened Ramsey with criminal prosecution on the check, he was given a check in that amount by Keller's bookkeeper. The "hot check" remained in possession of Hastings and was introduced into evidence. Although it is marked "For Hauling" it is in the exact amount of the total of three invoices which were sent to Ramsey for December and January work. Keller's bookkeeper testified that the sum of $5,358.20 was paid on behalf of Ramsey because he was owed this sum on the contract. There is no evidence that Keller agreed that its payment could be applied to work performed prior to February 1. No payments were made by Keller direct to Ramsey after the statutory notice was given by Hastings.

The general rule is that when the debtor fails to exercise his power to direct the application of a payment, the creditor ordinarily may apply the payment to any valid and subsisting claim he has against the debtor. *W. E Grace Mfg. Co. v. Levin*, 506 S.W.2d 580 (Tex.1974); *Peden v. Carpenter*, 516 S.W.2d 19 (Tex.Civ.App.—Amarillo 1974, no writ); *Morgan v. Morgan*, 406 S.W.2d 347 (Tex.Civ.App.—San Antonio 1966, no writ). Thus, as between Hastings and Ramsey, Hastings had the option of applying the payments to the oldest part of the account. The question before us, however, is whether this same rule applies to Keller and Surety, who are liable only as sureties for work performed after February 1. See *Employers' Liability Assur. Corp. v. Young County Lumber Co.*, 122 Tex. 647, 64 S.W.2d 339 (1933); *Fidelity & Deposit Co. v. Big Three Welding Equip. Co.*, 151 Tex. 278, 249 S.W.2d 183 (1952); *Bunch Electric Co. v. Tex-Craft Builders, Inc.*, 480 S.W.2d 42 (Tex.Civ.App.—Tyler 1972, no writ); *Barfield v. Henderson*, 471 S.W.2d 633 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.).

This question was considered by the Supreme Court in *Aetna Casualty & Surety Co. v. Hawn Lumber Co.*, 128 Tex. 296, 97 S.W.2d 460 (1936). The Court said:

It seems to be settled that when payments are made from the proceeds or fruits of the very contract, business, or transaction covered by the obligation of a surety, and when the source of the funds is known to the creditor or person receiving the same . . ., the surety equitably is entitled to have the payments applied to the discharge of the debt for which he is bound, even though application has been made by the creditor otherwise.

The rule was applied in *N. O. Nelson Mfg. Co. v. Wallace*, 66 S.W.2d 505 (Tex.Civ.App. —Eastland 1933, writ ref'd), wherein it was held that payments received by the creditor from proceeds of the contract could not be applied to prior debts to the detriment of the surety. Otherwise, the surety would be required to pay an old unsecured debt owing to creditor by debtor.

Appellant cites *H. Richards Oil Co. v. W. S. Luckie, Inc.*, 391 S.W.2d 135 (Tex.Civ. App.—Austin 1965, writ ref'd n.r.e.), as authority for its contention that it had the right to apply all payments to the earliest unpaid invoices. The court there cited the well recognized rule that *as between debtor and creditor*, in the absence of a contrary agreement between the parties, the creditor may appropriate a payment to any debts due from the debtor. This authority is without persuasive value. The rule was stated in *Luckie* only by way of dictum and had clear reference to the dispute between creditor and debtor. The court was not required to determine the rights of a third party such as are involved here.

■ We conclude that under this rule the trial court properly applied all payments made by or on behalf of Ramsey after the statutory notice to the claim against Keller and Surety. Otherwise, they would be subject to double liability on the contract. The Legislature, through enactment of Art. 5160, gave Hastings the means to secure payment for all his work. Hastings did not avail himself of this remedy until March 28.

He should not now be permitted to expose appellees to double liability by his own failure to timely file his statutory notice.[2] Appellant's point, seeking a judgment against appellees for the full amount of his claim against Ramsey, is overruled.

■ Appellant correctly points out that the evidence is undisputed as to his account with Ramsey. The trial court therefore erred in submitting Special Issue No. 5 to the jury in that such issue merely required the jury to make a mathematical calculation from the undisputed account. However, both parties concede that the jury's calculation is correct and, therefore, reversible error is not shown by the submission of this undisputed issue to the jury.

The trial court did not err in refusing to submit appellant's requested issues which would have inquired as to the application made by Hastings of the sums paid to him by or on behalf of Ramsey after February 1. We have held as a matter of law that, in the absence of an agreement by Keller and Surety, these payments were properly applied by the trial court to payment for work performed during the period covered by the statutory notice.

■ Appellant complains that the interest on the amount recovered against appellees was granted from date of judgment (May 25, 1976) rather than from January 1, 1976. Appellees agree that appellant was entitled to recover interest on the claim from the time the statutory notice was perfected. We will therefore reform the judgment as prayed for by appellant.

Appellees complain by a counter-point of the judgment which allows appellant the sum of $1,750.00 "in the event Plaintiff's Counsel makes an appearance in the Court of Civil Appeals" and the additional sum of $1,500.00 "in the event Plaintiff's Counsel makes an appearance in the Supreme Court of Texas." The amounts were stipulated as being reasonable and appellees make no complaint as to such amounts. Appellees

---

2. The only way that a prime contractor and his surety could avoid double liability would be to withhold all payments until 36 days had elapsed to see if the statutory notice was given. This would discourage prompt payment for labor and materials.

urge, however, that the recovery of such sums should be conditioned upon a successful prosecution of an appeal by appellant.

A similar contention was considered by the Court in *King Optical v. Auto. Data Processing, etc.*, 542 S.W.2d 213 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). It was there held that an award of an attorney's fee for appeal was improper where it was not conditioned upon whether or not appellant was successful in the appellate courts. The Supreme Court, in *Liberty Sign Co. v. Newsom*, 426 S.W.2d 210 (Tex.1968), approved an award for attorney's fees in the trial court and in the appellate courts but pointed out that the claim was established. Thus, it was emphasized that the claimant had been successful on appeal.

■ Here the appeal by appellant has been unsuccessful with the exception of a few months interest on the sum of $2,128.40. In this situation we do not believe that appellant should be entitled to recover his attorney's fees for his prosecution of the appeal. We accordingly reform the judgment to limit appellant's recovery to attorney's fees incurred in the trial court.

The judgment of the trial court is reformed to provide that T. L. Hastings, d/b/a Hastings Trucking, do have and recover of defendants, American General Insurance Company and Allen Keller Company, jointly and severally, the sum of Two Thousand, One Hundred Twenty-Eight and ⁴⁰/₁₀₀ Dollars ($2,128.40), together with interest thereon from January 1, 1976 at the legal rate of Nine Percent (9%) until paid, and the sum of One Thousand Five Hundred Dollars ($1,500.00) for his attorney's fees, together with interest thereon at the legal rate of Nine Percent (9%) from May 25, 1976 until paid. In all other respects the judgment is affirmed.

The costs of this appeal are taxed three-fourths against appellant and one-fourth against appellees, jointly and severally.